Clark v. Stout.

---

CLARK v. STOUT *et al.*

Conveyance: CONSTRUCTIVE NOTICE. An erroneous description of real estate in a deed to the grantor will operate as constructive notice thereof to his grantees. *The State* v. *Shaw et al.,* 28 Iowa, 67.

*Appeal from Polk District Court.*

FRIDAY, JULY 28.

SUIT in equity to correct an erroneous description of property in a mortgage, and to foreclose the same. The district court granted the relief asked by plaintiff, and the defendant, Lucinda Stout, appeals.

*Barcroft, Gatch & Hammond* for the appellant.

*Harbut & Clark* for the appellee.

COLE, J. — The property lies in the form of an oblong square. In describing it, the beginning point is at the north-east corner, running thence south the given distance, thence *east* (whereas it should be west) the distance named, thence north the same distance as first line, and thence *west* (whereas it should be east), to the place of beginning. The mistake was in transposing the words "east" and "west," as applied to the north and south lines, thus describing the proper form and quantity of land, but placing it on the east instead of the west side of the common line, none of the parties ever having owned the property embraced in the mistaken description, or any part of it. The property was owned by Miles Judkins, and by him conveyed, with correct description, for William Barngrover, who conveyed the same, but by the mistaken description, to George W. Barngrover, who mortgaged it to the plaintiff, George W. Clark, by the like mistaken description, and afterward conveyed it to the defendant Lucinda Stout, by the same mistake in description.

Afterward Clark foreclosed his mortgage by a proceeding, in which the mortgagor and wife, and Lucinda Stout, were parties, making no defense. Under the judgment of foreclosure Clark purchased the property and took conveyance thereof by the same mistaken description. Just about this time Clark discovered the mistake, but not till after Lucinda Stout had discovered it and procured a quitclaim conveyance of the property, by a correct description, from William Barngrover, upon stating to him, " as a reason for wanting a quitclaim deed, that it was in order to beat Clark out of his mortgage." This action is brought by Clark against the mortgagor and wife, William Barngrover and wife, and Lucinda Stout, to correct the mistake in the description of the property in the mortgage and to foreclose it. Lucinda Stout alone defends ; the other defendants admit the petition. The court found that Lucinda Stout had notice of the mortgage executed by said Barn-

grover and wife to said plaintiff, at the time she purchased, and adjudged that the mistake be corrected and the mortgage foreclosed. In view of what is above shown we need say no more than that the case falls within the rule decided in *The State* v. *Shaw et al.*, 28 Iowa, 67, where it was *held*, that the erroneous description of the property in the deed to the grantor became notice thereof to his grantees; and further than this, it is fairly inferable from the entire case that the defendant, Lucinda Stout, had actual notice of the mistake.

Affirmed.