## HALL *et al.* v. ORVIS *et al.*

1. **Fraudulent representations: IN SALE OF PATENT.** Where a person is induced to purchase a patent by reason of false and fraudulent representations of the patentee in relation thereto, the contract will be rescinded.

2. **Conveyance: NOTICE ARISING FROM RECITALS.** *Semble,* that a purchaser or incumbrancer from one deriving title under a deed containing reference to the stipulations of a contract pursuant to or in connection with which the deed was made, will be held chargeable with notice thereof.

### *Appeal from Decatur District Court.*

#### SATURDAY, DECEMBER 9.

THE plaintiffs, I. N. Hall and wife, filed their petition in equity, alleging that on the 26th day of November, 1866, they entered into a contract with the defendant C. B. Orvis, whereby he agreed to sell and convey to Hall a certain patent right to manufacture sugar and syrups from sorghum molasses and juices, and exclusive right to make and vend the same in the county of Lee and eleven other counties in Iowa (said patent was known as " Orvis' Sorgum Filter.")

In consideration for said patent the plaintiffs agreed to convey 240 acres of land (described) in Decatur county, Iowa.

It is further alleged, that for the purpose of inducing the plaintiffs to make said contract and conveyance the defendant made certain false and fraudulent representations concerning said patent, knowing the same to be false at the time, and were made with intent to cheat and defraud the plaintiffs out of said land, and the plaintiff, believing and relying upon the representations so made by defendant, did make a conveyance of said land to him, containing the following conditions, namely :

*Provided always*, that this conveyance is upon conditions that the said Charles B. Orvis has this day made his bond to Isaac N. Hall in the sum of $5,000 to be void upon conditions more fully set forth in said bond, to which reference is here made, that he will prosecute his claim for letters patent for an invention known as Orvis' Sorghum Filter, and will secure letters patent for fourteen years for the same, and upon securing the same will, by good and sufficient conveyance, convey to I. N. Hall all right, title and interest in and to said invention, and the exclusive right to use and make the same in the territory mentioned in said bond. Now, if said Orvis shall well and promptly perform and execute the conditions of said bond, then this conveyance shall remain in full force and effect, otherwise void." This conveyance was signed by Hall and wife, November 26, 1866.

The petition specifically negatives each of the representations alleged to be false, among others that defendant had not invented the " Orvis Sorghum Filter," uniting and composed of acetate of lead, sulphuric acid and bone coal, as represented; that said Orvis had not filed his application for a patent on his alleged invention on the 26th day of November, 1866; that he did not obtain letters patent for his alleged invention; that said invention would not make good grained sugar, etc., — breaches of the bond made by Orvis to plaintiff.

The petition also shows that on the 11th day of February, 1867, Orvis and wife executed a mortgage on the land embraced in plaintiffs' deed, to J. B. Davidson to secure the sum of $6,000, alleging that Davidson, when he took the same, had full knowledge of the alleged fraud of Orvis.

Plaintiffs bring into court the bond of Orvis and offer to deliver it up to him, etc., and ask a cancellation of their conditional deed and of the mortgage to Davidson. At

the spring term of the district court of 1868 a default was entered against all of the defendants, and a decree rendered as prayed in the petition. At the October term, 1869, on the motion and application of all the defendants, the court granted a re-trial of the cause — the defendants at the same time filing a joint answer. Subsequently Davidson filed his separate answer in which he denies having any knowledge of the alleged fraud.

The cause was tried by the court and a decree rendered for defendants. Plaintiffs appeal.

*Warner & Post* for the appellant.

No appearance for the appellee.

MILLER, J. — The conveyance of the land in controversy, by express stipulation, was to be effectual as such only upon the performance of the conditions of the bond made by Orvis to plaintiff. This bond read as follows :

" Know all men by these presents, that I, Charles B. Orvis, of the city of St. Louis, Mo., am firmly bound to I. N. Hall in the sum of $5,000, to be well and truly paid, dated this 26th day of November, 1866, upon conditions following : That whereas, I have invented a filter for filtering sorghum juice so as to make grained sugar out of the same — said invention known as Orvis' Sorghum Filter. And whereas, I have filed my *caveat* in the patent office in Washington, D. C., and intend to prosecute my claim to letters patent for said invention under the laws of the United States. And whereas said Hall has purchased from me an assignment of the same, and I do hereby assign to Hall all my right, title and interest to said invention, and the exclusive right to make, use and vend the same, as the same may be owned by me now or hereafter in the territory (describing it). And whereas said Hall has conveyed to me certain lands situate in the county of Decatur (describing the lands in controversy) in

payment of said assignment of said invention, *and said conveyance to be conditioned upon the due fulfillment of this obligation.* Now, if I shall *duly, successfully and completely prosecute my claim to said patent invention and secure full and complete letters patent therefor for the period of fourteen years*, and shall, by sufficient conveyance, convey to said Hall all my right and title to the same together with the right to make, use and vend in the territory aforesaid then this obligation to be void, otherwise to be in full force and effect:"

The bond was duly acknowledged and recorded December 22, 1866.

Neither the deed nor the bond specifies or describes the ingredients or composition of the invention referred to. The evidence, however, clearly shows that Orvis represented to Hall that the articles composing the invention and included in the specifications of Orvis' alleged application for a patent were *acetate of lead, sulphuric acid* and *bone coal ;* that upon experiments or tests made by Orvis, for the purpose of proving to Hall the value of the invention, these ingredients, in the manner and proportions used in such tests by Orvis, did produce granulated sugar from sorghum molasses, and it is very satisfactorily proven that this invention containing these ingredients was the invention which Hall supposed he was purchasing, and for which Orvis obligated himself to procure "full and complete letters patent" and convey the same to Hall.

The evidence further shows that the ingredients represented in the letters patent, subsequently procured by Orvis through Davidson, his assignee, did not contain the acetate of lead, but only the other two ingredients, and that by the use of these latter ingredients as directed in the specifications of these letters patent, said patent would not make sugar, and that the same was entirely worthless.

It further appears from the evidence that Orvis represented to Hall that the ingredients of which his invention

was composed were free from all poisons, whereas at the time of making this representation he knew this was not true. From these facts alone it is clear that Orvis deceived the plaintiff as to the character of the invention, and that he failed to comply with, and perform, the conditions of his bond in the procurement of letters patent for the invention; he deceived the plaintiff into believing he was buying a patent such as represented, but tendered him a deed for a patent which did not contain the ingredients as represented, and which was entirely worthless, thereby defrauding Hall out of his land. Under the facts as developed in the evidence the plaintiffs are entitled to have their deed to Orvis canceled.

So, also, we are of opinion that the mortgage from Orvis to Davidson should be canceled and set aside. For the condition in the deed from Hall to Orvis, the mortgagor, operated as notice to Davidson of the contract as expressed therein and in the bond of Orvis to Hall to which the deed referred. *Reeder* v. *Barr*, 4 Ohio, and cases cited, on page 459. The evidence also very satisfactorily shows that Davidson had full knowledge, in fact, of the deed, bond and all the negotiations and transactions between Hall and Orvis and of the fraud practiced by the latter. Davidson was in the employ of Orvis at the time of the making of the deed and bond and for a long time thereafter, and acted as the assignee of Orvis in the procurement of the letters patent for the invention which Orvis offered to convey to Hall as a compliance with the conditions of his bond. These and other facts shown by the evidence leave no reasonable doubt of Davidson's knowledge of the facts as they existed between Hall and Orvis before the making of the mortgage.

The decree of the district court will be reversed with directions to render a decree in accordance with this opinion, or if the plaintiffs so elect, such decree will be rendered in this court.                              Reversed.