CLARK, ADM'R, v. BULLARD ET AL.

CLOSE, EX'X, v. THE SAME.

66   747
141   258

1. **Mortgage**: MISTAKE IN DESCRIPTION: SECOND MORTGAGE: QUESTION OF NOTICE AND PRIORITY. B. attempted to execute a mortgage on certain land to Clark, but the land was not correctly described. After the lapse of about three years the mistake was discovered, and a new mortgage was made to correct the same. Meanwhile, however, B. had made a second mortgage on the land to Close, which was recorded before the corrected mortgage to Clark. But the mortgage to Close contained an exception in these words: "Except one mortgage for $1,200." The records showed no prior mortgage upon the land. *Held* that the exception gave notice to Close of a prior mortgage, and put him upon inquiry as to who the holder of it was; and that the Clark mortgage was in equity the first lien on the land.

*Appeal from Decatur Circuit Court.*

THURSDAY, SEPTEMBER 24.

THESE cases were consolidated and tried together as involving the same question. The plaintiff in each case seeks to foreclose a mortgage upon the S. W. $\frac{1}{4}$ of the N. E. $\frac{1}{4}$ of section 17, township 70, range 25, in Decatur county. The mortgages were executed by the defendant Bullard. He makes no defense. No one, indeed, contests the validity of either mortgage. In each case the plaintiff in the other case is made defendant with Bullard. The controversy is between

the holders of the respective mortgages,—C. M. Clark, administrator, and Helen J. Close, executrix. The question presented is as to priority. The court held that Clark's mortgage had priority. Mrs. Close appeals.

*S. A. Gates*, for appellant.

*McIntire Bros.* and *H. L. Karr*, for appellees.

ADAMS, J.—The Clark mortgage was executed to the plaintiff Clark's intestate, Chauncey Clark. A mistake was made in the description of the land intended to be mortgaged. About three years later, the mistake being discovered, Bullard, for the purpose of correcting it, executed another mortgage with the correct description. In the meantime, however, he had executed the Close mortgage to E. J. Close, the plaintiff Close's testate, and her mortgage had already been recorded.

Without question her mortgage should have priority, unless the mortgagee, E. J. Close, had notice of the original Clark mortgage, and of the intention to execute the same upon the land in controversy. As showing such notice, Clark relies upon the testimony of Bullard. He also relies upon an exception contained in the covenants in Mrs. Close's mortgage. She endeavors to meet Clark's position by saying that the testimony of Bullard should be excluded, for the reason that he is an incompetent witness, under section 3639 of the Code; and, as to the exception contained in the Close mortgage, she says that it neither expressly refers to the Clark mortgage, nor was sufficient to put the morgagee Close upon inquiry. As to the competency of Bullard as a witness we need not determine. It seems clear to us that the mortgagee Close was put upon inquiry. The exception referred to is in these words: "Except one mortgage for $1,200." There was, in fact, no mortgage to any one apparent of record. But the mortgagee Close was notified that Bullard claimed to have executed a mortgage to some one upon the

land, and, without question, Close understood that he was taking his mortgage subject to that. If he was ignorant of any important fact pertaining to the mortgage, it was his own fault. He had only to inquire of the mortgagor, Bullard; as to who the person was who, he claimed, held a paramount mortgage, and this inquiry, it may be presumed, would have led to the discovery of the mortgagee, and of all that he claimed. We think that the court did not err in holding the Clark mortgage paramount.

AFFIRMED.