ELIZABETH B. HIGGINS, Appellant, v. M. E. DENNIS, *et al.*

**Mortgage Priority:** RECORDING: *Notice.*    Where the vendee of land, on the day on which it was conveyed to her, executed a mortgage thereon to a loan company for a part of the price and also a mortgage to her vendor for the balance, and such deed and both mortgages were filed for record on the same day; first, the mortgage to the loan company; next, the deed to the mortgagor; and last, the mortgage to her vendor, such mortgage to the loan company was entitled to priority, in the absence of notice otherwise, over that of the vendor, the holder of which was chargeable with all the knowledge the record imparted. *Distinguishing Trust Co. v. Malby,* 8 Paige, 361, *Turk v. Funk,* 68 Me. 18; *Calder v. Chapean,* 52 Penn. St. 359.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

TUESDAY, FEBRUARY 1, 1898.

ACTION for judgment on a promissory note, and for decree foreclosing a mortgage on certain real estate given to secure said note. The Iowa Loan & Trust Company was made defendant, as claiming some interest in the property under a mortgage which plaintiff alleges is junior to her mortgage. Said defendant company answered, setting out its mortgage, denying that the plaintiff's mortgage is superior thereto, and alleging that it is junior to the mortgage of the defendant, and asking decree accordingly. Decree was rendered in favor of said defendant company as prayed. Plaintiff appeals.—*Affirmed.*

*Earle & Prouty* for appellant.

*D. F. Witter, John H. Blair,* and *Dudley & Coffin* for appellee.

GIVEN, J.—I. The sole question involved in this appeal is as to which of said mortgages is entitled to priority. There is no dispute as to the facts, and they are substantially as follows: One A. J. Reashaw owned the mortgaged property, with an unsatisfied mortgage thereon to the New England Loan & Trust Company for three hundred and fifty dollars, and a mortgage to J. K. and W. H. Gilcrest for seventy-two dollars. On the tenth day of August, 1886, Reashaw sold the property to the defendant Dennis for nine hundred and fifty dollars, six hundred dollars to be paid in cash, sufficient of which was to be applied to the satisfaction of said mortgages to the New England Loan & Trust Company and to J. K. and W. H. Gilcrest. For the balance of the purchase price, namely three hundred and fifty dollars, M. E. Dennis was to execute to Reashaw her promissory note secured by mortgage on the premises. To procure the amount with which to make the cash payment, M.

E. Dennis applied to the Iowa Loan & Trust Company
for a loan, stating in her application that, "to secure
the same, I will give first mortgage on the following
property," describing that in controversy. On the said
tenth day of August, 1886, Reashaw executed a deed
for said property to M. E. Dennis, subject to said two
mortgages to the New England Company and to the
Gilcrests, "which the said M. E. Dennis is to assume
and agrees to pay." This deed was deposited with the
Iowa Loan & Trust Company, to be delivered when said
two existing mortgages were satisfied. On that day
M. E. Dennis executed to Reashaw the promissory note
and mortgage sued upon. She also, on that day, exe-
cuted and delivered to the Iowa Loan & Trust Company
the mortgage set up in its answer, to secure the loan to
her of six hundred dollars. The six hundred dollars
were applied in satisfaction of said two prior mort-
gages, and the balance thereof paid to Reashaw. Rea-
shaw knew of the execution of the mortgage to the
defendant company, and consented that it should be
a first mortgage. There is no evidence, however, that
said defendant company knew of the execution of the
mortgage to Reashaw. These three instruments, thus
executed and delivered on the same day, were each filed
for record on that day and in the following order: The
mortgage from M. E. Dennis to the Iowa Loan & Trust
Company was filed for record at 4 o'clock and fifty min-
utes P. M.; the deed from Mr. Reashaw to M. E. Dennis
was filed for record at 4 o'clock and fifty-five minutes
P. M.; and the mortgage from M. E. Dennis to A. J. Rea-
shaw was filed for record at 5 o'clock and twenty-five
minutes P. M. Mr. Heighton, of the Iowa Loan &
Trust Company, who transacted the business on behalf
of the company in the loan to M. E. Dennis, took said
deed and the mortgage to the company to have the
proper transfer made, and to file the same for record.
He first stopped at the auditor's office and left the deed

to have the transfer made. He then proceeded to the
recorder's office, filed said mortgage to the company
for record, returned to the auditor's office, obtained the
deed, and immediately went to the recorder's office,
and had it filed for record. It was in this manner that
the mortgage came to be filed for record five minutes
before the deed was filed. The promissory note sued
upon is an ordinary, negotiable promissory note, dated
August 10, 1886, and due on or before two years from
date. The mortgage securing said note is in the usual
form. Before maturity Reashaw assigned said note
and mortgage to H. T. Harriett, who thereafter, and
before maturity, assigned the same to Benjamin Hig-
gins, now deceased, and through whom the plaintiff
became and now is the owner of said note and mortgage.

II.   Plaintiff's first contention is that, as holder of
the negotiable note sued upon, and of the mortgage as
an incident thereto, she is, in the absence of proof,
assumed to have obtained them in good faith, for value,
before maturity, and that she is, therefore, not charge-
able with the knowledge of Reashaw, nor his agree-
ments, with respect to the defendant's mortgage. This
claim may, for the purpose of this suit be conceded; and,
being conceded, the question of priority cannot be
determined by the knowledge or agreements of Rea-
shaw. The two mortgages were executed and delivered
on th same day, but it does not appear in what order;
therefore, the question of priority cannot be determined
by the order of their execution and delivery. No refer-
ence is made in either mortgage to the other; therefore,
the question of priority cannot be determined from any-
thing appearing in the mortgages. The mortgage to
the defendant was executed to secure a loan of bor-
rowed money, to be paid, and which was paid, as a part
of the purchase price, and the plaintiff's mortgage was
executed to secure the balance of the purchase price.
There is conflict in the authorities as to whether each

may be regarded as given for purchase money, but we think that each is in such a sense for the purchase price that neither can be said to have priority on that ground. See 1 Jones, Mortgages, section 472; *Laidley v. Aiken*, 80 Iowa, 112. We will not pursue these propositions further, as they are not really contentions in the case. We have referred to them to show that, as stated by plaintiff's counsel, "the only question in this case is whether plaintiff is charged with the knowledge imparted by the recording of the Iowa Loan & Trust Company's mortgage prior to the recording of the deed placing title in the mortgagor." It is plaintiff's contention that she is not chargeable with knowledge of anything appearing upon the record prior to the time the deed to Miss Dennis was filed for record, namely 4:55 P. M., August 10, 1886. It is argued that, if the searcher of the record must go back of that time, he must go back indefinitely, even to the beginning of the record, and that this would be impractible, if not impossible. In support of this contention, cases are cited wherein a party not having legal title executed a mortgage which was placed on record before the deed by which the mortgagor subsequently acquired the legal title. In these cases it was held that one purchasing subsequent to the deed conferring the legal title was not charged by the record with knowledge of the mortgage previously recorded. Of these cases we note *Trust Co. v. Maltby*, 8 Paige, 361; *Turk v. Funk*, 68 Mo. 18; *Calder v. Chapman*, 52 Pa. St. 359; Jones, Mortgages, section 471; 20 Am. & Eng.. Enc. Law, 597. These cases are not in point, for the reason that, in this, Miss Dennis had the legal title at the time she executed and delivered these mortgages. She had the legal title for the reason that the deed to her was either executed and delivered prior to the execution and delivery of the mortgages or contemporaneous therewith. The rights of a mortgagee to after-acquired by title is not involved in this case. The

question before us is simply whether the plaintiff is chargeable with knowledge of what appeared upon the record in the chain of title, only from the hour and minute at which Miss Dennis' deed was filed for record, or from the day of its execution. Authorities are cited in which it is said that the searcher need only go back to the time that evidence of title was filed for record, but surely such a rule should not apply to these facts. Suppose that Miss Dennis had withheld her deed from record for several days, and executed a third mortgage, surely that mortgage would not be entitled to priority over these, based, as they are, upon the legal title, and recorded after that title had been acquired. Miss Dennis was not required to file her deed within any specified time, nor were these mortgagees required to withhold their mortgages from record until her deed was recorded. Appellant quotes from 20 Am. & Eng. Enc. Law, 597, as follows: "The rule that a recorded instruments imparts constructive notice must be limited to these instruments recorded after the grantor therein acquires the title to the property thereby conveyed. To hold otherwise, by imposing upon a subsequent purchaser the duty of examining the records indefinitely, would militate against the practical advantage of the recording system." This statement of the rule is in harmony with our recording acts, and under it the plaintiff is charged with whatever knowledge the record imparted back to the time the title was acquired, and not to the hour and minute at which the evidence of the title was filed for record. By recording the deed, it was shown that Miss Dennis acquired title on the tenth day of August, 1886. Now, as Miss Dennis might incumber the property after acquiring title, and before filing her deed for record, a diligent searcher would inquire back to the date of the deed. If this deed had not been filed for several days after its date, a searcher, advised by the

record of its date, would surely have examined back to that date for the incumbrances from her. Such transactions as those under consideration are of common occurrence, and it is not requiring too much of searchers for the chain of title that they shall not stop at the day and hour at which the evidence of title was filed for record, but go back to the date of that title as shown by the record. Such a rule is in harmony with reason. The recording act has support in the authorities, and does not require anything that is impracticable or impossible.

Applying this rule to the case under consideration, the plaintiff is chargeable with all the knowledge that the record imparted with respect to this claim of title, back to the time that the title was acquired by the deed to Miss Dennis. The deed was filed for record on the day of its date, and, while the hour of its filing appears, there is nothing to show at what hour of that day it was executed and delivered. While it may be said that the law takes notice of fractions of days as to the time of filing instruments for record, the general rule that the law takes no notice of fractions of days applies to the execution of deeds and mortgages, where the hour of their execution does not appear. The rule requiring a searcher to go back to the time of the execution of this deed, and it not appearing at what hour of the tenth day of August, 1886, it was executed, diligence required that he should examine as to all the hours of that day. In other words, under the facts of this case, the plaintiff is chargeable with all the knowledge with respect to this chain of title that the records of August 10, 1886, imparted, for that day as well as thereafter. Thus charged, the plaintiff must be held to have had knowledge of defendant's mortgage. Our conclusion is that the decree of the district court is correct, and it is therefore AFFIRMED.