JOHANNA BUSH, Appellee, v. HENRY HERRING AND JOHN L. SKELTON, Appellants.

**Execution Sale:** RIGHTS OF EQUITABLE OWNER. Where title to real
1  estate is held by a husband, but the beneficial interest is in the
wife, the sale thereof, under an execution against the husband,
to the judgment debtor of the latter, who has notice of the
interest of the wife, conveys no title as against the wife and
her grantee.

EXISTENCE OF INTEREST. A decree in divorce granting real estate
4  to a wife as alimony is not conclusive of the fact that she did
not have the beneficial interest therein prior to that time as
between the mortgagee and a purchaser under a judgment
against the husband.

MORTGAGE BY WIFE: *Rights of execution sale purchaser.* Where the
title to real estate is in the husband, but the wife is the bene-
1  ficial owner, a purchaser thereof at an execution sale under a
judgment against a husband, who knows the interest of the
2  wife therein, cannot enjoin foreclosure sale under a prior mort-
gage thereon given by the wife, since he has no interest in the
property.

**Mortgages:** MERGER. Where a wife who has the beneficial interest
in land of which the husband holds the legal title mortgages
the land, and afterwards conveys it to the mortgagee, it does
3  not constitute a merger which will prevent a foreclosure of the
mortgage for the purpose of cuttinff off equities existing before
the conveyance of the property.

*Appeal from Harrison District Court.*—HON. F. R. GAY-
NOR, Judge.

SATURDAY, JANUARY 26, 1901.

SUIT in equity to set aside a sheriff's sale of real es-
tate and to quiet plaintiff's title thereto. Defendants deny
plaintiff's ownership of the property, and plead title
derived through a sheriff's sale thereof as the property of
one Kreiger. The trial court rendered decree for plaintiff,
and defendants appeal.—*Affirmed.*

*L. R. Bolter & Sons* for appellants.

*Frank Tamesca* and *F. M. Dance* for appellee.

DEEMER, J.—On July 17, 1895, defendant Herring commenced action aided by attachment against one Theodore Kreiger. The attachment was levied on the property in dispute, and at that time the record title was in Theodore Kreiger. Antone Kreiger, wife of Theodore, intervened in the action, alleging that she was the wife of Theodore, and the owner of the attached property. About the time the case was reached for trial, she dismissed her petition of intervention, and plaintiff in that proceeding took judgment against the defendant therein, and secured an order for a special execution. That execution was levied on the property, and a sale thereof had to defendant Herring, which, on February 21, 1898, ripened into a deed. At the time the attachment was levied the records showed a mortgage from Antone Kreiger to the plaintiff to secure the sum of $1,500. After the execution of the mortgage, Antone Kreiger commenced a divorce suit against her husband, Theodore, and caused the property in controversy to be attached. On May 2d Antone Kreiger conveyed the property to plaintiff, and this deed was recorded May 8th of the same year. Thereafter plaintiff brought action to foreclose her $1,500 mortgage. A decree by default against Antone Kreiger was entered by the court in that suit, and special execution placed in the hands of the sheriff directing him to sell the property to satisfy the judgment rendered in that case. Defendant Herring thereupon brought a suit in equity to enjoin the sale, making plaintiff herein and the sheriff parties defendant. That action was, by agreement, consolidated with the above entitled case, and the two were tried as one, and are to be so tried in this court. A judgment was entered in the case brought by Herring dismissing his petition, taxing the costs of the proceedings to him, and in the case bearing the title

affixed to this opinion a decree was rendered setting aside the sheriff's deed and quieting title in plaintiff.

The rules of law applicable to the issues tendered by the pleadings in this case are well settled, and need only be stated as we proceed with a narration of the facts found. In this narration we will not attempt to discuss the evidence, except in a general way, but to simply state our conclusions. There is no doubt that when Herring's attachment was levied the records showed the legal title of the lots to be in Theodore Kreiger. But the records are not conclusive on the question of ownership. An attaching creditor is not a purchaser. He takes the interest which his debtor had in the lands at the time of attachment, and nothing more. Consequently an unrecorded deed or prior equity takes precedence over an attachment. *Moorman v. Gibbs,* 75 Iowa, 537; *Norton v. Williams,* 9 Iowa, 528; *Eldred v. Drake,* 43 Iowa, 569, and cases cited. A purchaser at judicial or sheriff's sale, whether such purchaser be the judgment creditor or a stranger, is a purchaser, and is generally protected from prior unrecorded deeds or equities. *Evans v. McGlasson,* 18 Iowa, 150; *Brown v. Wade,* 42 Iowa, 647. While the records showed the title to be in Theodore Kreiger, we are satisfied that Antone Kreiger was the beneficial owner of the land, she having furnishd from her own funds the consideration that went into the purchase thereof. Being such owner, the title of her grantee was prior to any interest derived by Herring under his attachment. Did Herring have notice thereof before he purchased at sheriff's sale? That question is solved by the record. Evidence showing notice to the defendant Herring of plaintiff's ownership of the property before he purchased the same at sheriff's sale is abundant. Indeed, Herring admits that plaintiff told him before his purchase that the property belonged to her. But, if this be not true, the clear preponderance of the evidence shows notice to defendant Herring before he purchased. While plaintiff's $1,500 mortgage was for certain purposes

merged in the deed made by Antone Kreiger to her, yet she had the right to foreclose the same for the purpose of cutting off equities existing prior to the time she obtained her deed, and defendant is in no position to enjoin a sale under the foreclosure decree. He has no interest in the property, and cannot be affected by the decree. In the divorce proceedings plaintiff was awarded the property in controversy as alimony, but this is not conclusive of her claim of ownership. The decree in each case seems to be sustained by the evidence, and it is in each AFFIRMED.