ALBIA STATE BANK, Appellant, v. GEO. S. SMITH, ZULAH
   H. SMITH, R. P. SMITH & SON's Co., and W. T.
   GARDNER, Executor.

**Mortgages:** PRIORITY OF LIENS: SUBSEQUENT PURCHASER: NOTICE.  A
1 simple decree in favor of a creditor establishing his right to
   subject property of the debtor to his judgment, will not entitle
   him to the protection of the recording act as a subsequent pur-
   chaser, as against prior equities and unrecorded instruments; it
   is only when he buys in the property at execution sale that he
   becomes a subsequent purchaser.

**Same:** DESCRIPTION: SUFFICIENCY: NOTICE.  A description of land,
2 although not entirely clear and satisfactory in itself, which is
   sufficient, by the application of existing facts and conditions
   ascertainable on reasonable inquiry, to point out the specific tract
   intended to be described will operate to charge a purchaser with
   notice.

**Same.**  Where the first and second mortgages contained similar and
3 indefinite descriptions of the land, but the second expressly re-
   ferred to the first and was made subject thereto, the filing of a
   third mortgage for the purpose of correcting the description in
   the first made a record sufficient to charge a subsequent pur-
   chaser of the land described in the third mortgage with notice
   of the second mortgage.

*Appeal from Monroe District Court.*—HON. D. M.
                   ANDERSON, Judge.

TUESDAY, FEBRUARY 16, 1909.

ACTION to foreclose mortgages as against defendants
George S. Smith and Zulah H. Smith, his wife, and to
have plaintiff's lien thereunder declared superior to any
claim of defendants, R. P. Smith & Son's Company and
W. T. Gardner, executor.  The decree gave the last-named
defendants priority as to one mortgage on account of in-

definiteness of description therein, and plaintiff appeals.
—*Modified* and *affirmed.*

*H. H. Trimble* and *D. W. Bates,* for appellant.

*Perry & Perry,* for appellees.

McCLAIN, J.—The two defendants first named in
the title of the case executed the mortgages foreclosure of
which is asked, and the. other defendants claim liens on
the property covered by such mortgages superior to the
lien of the plaintiff under one of them, and to avoid
circuity in description George S. Smith and his wife will
be referred to as mortgagors, and the other two defend-
ants named in the title of the action will be referred to
as defendants. In 1903 the defendants recovered several
judgments against the mortgagors, and in 1904 instituted
their action to have a conveyance of property by mort-
gagors set aside, and the property subjected to the payment
of their judgments, and in February, 1905, the relief
prayed for was granted to them, and the lien of their
judgments established as against the mortgagors and their
grantee. 'The description of the property in this decree
was as follows: "Commencing at a point on the east line
of South Main Street, 148 ft. south of a point 2 rods
south of the north line of the northeast quarter of the
southwest quarter of Sec. 22 Twp. 72 R. 17; thence
south 198 feet; thence east 17 rods; thence north 198
feet; thence west to the place of beginning." After the
rendition of that decree, the present action was brought to
foreclose two mortgages given on the same property by
the mortgagors above referred to, the first to the Farmers'
& Miners' Savings Bank of Monroe County, duly assigned
to plaintiff, and the second executed to plaintiff directly
with a reference making it subject to the first. It was
also asked that the description in these two mortgages be

corrected so as to cover the property intended by the parties which it sufficiently appears from the pleadings was the same property which in the previous action by these defendants against the mortgagors had been declared subject to the judgments of the former. The mortgagors as defendants in the present action made default, and it is sufficiently shown by the record, and not questioned in argument, that, as between plaintiff and the mortgagors, the evidence is sufficient to warrant a reformation.

The defendants claim, however, that by their decree establishing their right to subject the property to their judgment they became purchasers in such sense as to be protected by the recording act (Code, section 2925) against the mortgage given directly to plaintiff; for while this mortgage as well as the first mortgage which plaintiff holds as assignee were recorded prior to the recovery of defendant's judgments against the mortgagors, and the defective description in the first mortgage was corrected in a substituted mortgage which was also recorded prior to the recovery of defendant's judgments, there was no such correction made as to the second mortgage. But the claim for defendants in this connection that, by recovering a decree to subject the land, they became subsequent purchasers protected under the recording act against prior equities and unrecorded instruments, is not sound. Defendants certainly acquired nothing more than a specific lien under such decree, and this lien was of no higher right certainly than that of an attaching creditor who has caused real property to be levied upon for the payment of his claim, and it is well settled that an attaching creditor is not protected under the recording act with reference to real property. Even after a levy under attachment, the prior conveyance may be recorded, or, if defective in description, may be corrected so as to defeat the lien of such attaching creditor. *Bush*

1. MORTGAGES: priority of liens: subsequent purchaser: notice.

*v. Herring,* 113 Iowa, 158; *Rea v. Wilson,* 112 Iowa, 517; *Clark v. Bullard,* 66 Iowa, 747. Although it is otherwise under the recording act relating to chattel mortgages (see Code, section 2906; *Bacon v. Thompson,* 60 Iowa, 284), it has uniformly been held under the statute as to recording of instruments affecting real property that one who claims protection as a subsequent purchaser must have proceeded further than merely to levy an attachment or execution upon the property. He becomes such purchaser only when he buys in the property at execution sale. *Norton v. Williams,* 9 Iowa, 528; *Thomas v. Kennedy,* 24 Iowa, 397; *Chapman v. Coats,* 26 Iowa, 288; *Zuber v. Johnson,* 108 Iowa, 273. The cases of *Bridgman v. McKissick,* 15 Iowa, 260, and *Fordyce v. Hicks,* 76 Iowa, 41, are not in point, for they relate only to the priority of right acquired by one creditor who brings an equitable action to subject property to the lien of his judgment as against other creditors having general judgment liens without acquiring specific liens upon the property.

But on other grounds we think that defendants are without standing as against the second mortgage, even though the description therein was imperfect. The description of the premises in the first mortgage was as follows: "Commencing at a point 148 feet south of the east line of the south extension of Main Street in Albia, two rods south of where said line intersects the north line of the N. E. quarter of the S. W. quarter of section 22, township 72, range 17, thence running south 198 feet; thence east 17 rods; thence north 198 feet; thence west to the place of beginning." In the execution of the second mortgage this description in the first mortgage was substantially copied from the first, and is as follows: "Commencing at a point one hundred forty-eight (148) feet south of the east line of the south extension of Main Street in Albia, Iowa, two

2. SAME: description: sufficiency: notice.

rods south of where said line intersects the north line of the northeast quarter (¼) of the southwest quarter (¼) of section twenty-two (22) township seventy-two (72) range seventeen (17); thence running south one hundred ninety-eight (198) feet; thence east seventeen (17) rods; thence north one hundred ninety-eight (198) feet; thence west to place of beginning, being a part of said northeast quarter of southwest quarter, section 22, township 72, range 17." Subsequently (and still prior to the recovery of defendant's judgments) a substituted mortgage was executed by the mortgagors to the first mortgagee to correct the error in the description found in said first mortgage, in which the premises were described as follows: "Commencing at a point on the east line of the south extension of Main Street, in Albia, Iowa, eleven (11) rods south of where said line intersects the north line of the northeast quarter of the southwest quarter of section twenty-two (22), township seventy-two (72), range seventeen (17); thence south along east line of said Main Street, one hundred ninety-eight (198) feet; thence east seventeen (17) rods; thence north one hundred ninety-eight (198) feet; thence west to place of beginning." No correction of the description in the second mortgage was. ever made as between the parties. Plaintiff's prayer for correction of the description in the first mortgage as originally executed and in the second mortgage is substantially that such descriptions be so changed as that they shall correspond to the description in the correction of the first mortgage. As the mortgagors made no defense, the prayer for correction involves the same question as is involved in the contention that defendants secured their decree to subject the property to the payment of their judgments without sufficient notice of plaintiff's lien under the second mortgage.

There are two grounds for holding that defendants were charged with notice of the second mortgage, although

the description therein is somewhat defective and inaccurate, either of which is in itself sufficient to require a decree in favor of the plaintiffs as to the priority of the second mortgage. The first involves a consideration of the substantial sufficiency of the description given in such mortgage. The second involves the consideration of the effect on the second mortgage of the recording of the correction in the first mortgage subject to which the second mortgage was taken. When the defendants instituted their action to subject the premises in controversy to the lien of their judgments as against the grantee of the mortgagors, they were charged with notice of the record of an instrument purporting to create a lien in favor of the plaintiff on a parcel of land the description of which would seem at first sight to be indefinite because the starting point in the description was located 148 feet south of the east line of the south extension cf Main Street in Albia, and it is quite apparent that a point south of a north and south line must be indefinite when the property described is bounded by that line; but it is apparent from the balance of the description that the attempt was to describe a parcel of land 198 feet long by 17 rods wide abutting on the south extension of Main Street and lying east thereof, and that for some purpose connected with this description a definite point was named, to wit, a point two rods south of where the east line of such street intersects the north line of the quarter section in which the land is described as located. Now, we think it would have been perfectly feasible for one seeking to locate this tract of land to go to the point specifically designated, and understand from the description that he should proceed 148 feet south of that point to find the starting point of the description; that is, the northwest corner of the tract described. It appears from the evidence that the mortgagors owned no other tract of land east of the street within the quarter section, and that on this tract

they were in the occupancy of a homestead. Under these circumstances, we are satisfied that the description was sufficient to put defendants upon inquiry, for it was such as to point out to them by application to the existing facts and conditions which were ascertainable on reasonable inquiry the specific tract intended. Such a description, although not entirely clear or satisfactory in itself, is enough to charge a purchaser with notice. *Pursley v. Hayes,* 22 Iowa, 11, 39; *Barney v. Miller,* 18 Iowa, 460, 466; *Sayers v. City of Lyons,* 10 Iowa, 249, 255; *Glenn v. Maloney,* 4 Iowa, 314; *Smith v. Trustees,* 89 App. Div. 475 (86 N. Y. Supp. 34). It is to be borne in mind that this is not a case where other property is described than that to which it is contended the description should be applied. It is not contended that any other parcel of land was pointed out by this description, but only that no parcel could be located thereunder. We think, on the contrary, that by reasonable inquiry suggested by the description itself the very parcel intended to be mortgaged could have been identified.

The other reason above suggested for holding defendants bound to knowledge of the lien of the second mortgage on the premises which they attempted to subject to the payment of their judgment is to **3. SAME.** our minds also conclusive. When defendants instituted their actions to subject this property, they were bound to know that there were of record three instruments by which the mortgagors had attempted to incumber a parcel of land 198 feet long by 17 rods wide lying adjacent to the east line of the south extension of Main Street, and that the parcel described in the second mortgage was the same as that described in the first, for the second mortgage expressly referred to the first, and was made subject thereto. They were also bound to know that, after the execution of the second mortgage, these same mortgagors had by a correction mortgage reformed

the description in the first mortgage so as to describe the very land which defendants were attempting to subject. However inadequate the description in the second mortgage, defendants were referred to the first mortgage, and were advised by the record that the description in the first mortgage which corresponded to that in the second was inaccurate, and that this inaccuracy had been corrected so as to make the first mortgage cover the land in controversy. Defendants were therefore put on inquiry to ascertain whether the land described in the second mortgage was the same as that in the correct description of the first or was a different tract. The slightest inquiry would have developed the fact that the intention of the parties in the second mortgage was to describe the same tract as that correctly described in the substitute for the first mortgage. A subsequent purchaser with knowledge of those facts as to which he is put on inquiry by the records is not a purchaser without notice. *Higgins v. Dennis,* 104 Iowa, 605; *Huber v. Bossart,* 70 Iowa, 718; *Aetna L. Ins. Co. v. Bishop,* 69 Iowa, 645; *Hall v. Orvis,* 35 Iowa, 366; *Mosle v. Kuhlman,* 40 Iowa, 108; *Clark v. Stout,* 32 Iowa, 213; *State v. Shaw,* 28 Iowa, 67.

The decree of the lower court so far as it declared the second mortgage—that is, the mortgage executed directly to plaintiff—to be subject to the lien of defendants under their prior decree and refusing the correction of the second mortgage as against said defendants so as to make it appear of record that it covered the land in controversy, was erroneous, and the case is remanded to the lower court for modification of the decree in accordance with this opinion, unless plaintiff elects to have entered in this court such modified decree as he is entitled to under the facts. As appellant secures the relief sought in his appeal, the costs are taxed to appellee.—*Modified* and *affirmed.*