HAYS v. THE CHICAGO, BURLINGTON & QUINCY R'Y CO.

1. **Appeal to Supreme Court:** CAUSE APPEALED FROM JUSTICE'S COURT: AMOUNT IN CONTROVERSY: JURISDICTION. Where, in an action in justice's court, plaintiff demanded judgment for $100 only, and judgment was rendered for him for that amount and costs, and the judgment bore interest at six per cent, and the defendant appealed the cause to the circuit court, where judgment, as limited by the prayer of the petition, was again rendered for $100 and costs, *held* that this court had no jurisdiction to entertain an appeal from the circuit court without a certificate of the trial judge. *Holmes v. Hull*, 48 Iowa, 177, and *Dryden v. Wyllis*, 51 Iowa, 534, distinguished.

*Appeal from Marion Circuit Court.*

THURSDAY, OCTOBER 23.

THIS action was brought before a justice of the peace. It is brought to recover damages for the killing of a horse belonging to plaintiff, by a locomotive and train of cars on

defendant's railway. Plaintiff alleges, in his petition, that said horse was of the value of $150, but he asked for judgment for $100 damages and costs. On the trial before the justice, plaintiff recovered judgment for $100 damages and $21.65 costs, and the judgment provided that the amount should bear interest at six per cent from the date thereof. Defendant appealed to the circuit court, and filed an appeal bond in the sum of $250. The cause was tried in the circuit court, and there was a verdict and judgment for plaintiff for $100 and costs, and defendant appeals.

*Stone, Ayers & Co.*, for appellant.

*Hays Bros.*, for appellee.

REED, J.—There is no certificate by the trial judge that the case involves any question of law on which it is desirable to have the opinion of this court, and the point is made by appellee that an appeal from the judgment of the circuit court will not lie, for the reason that the amount in controversy between the parties does not exceed $100. We think the appeal must be dismissed on this ground. Plaintiff claimed but $100 as damages. He made no claim for interest. While any judgment obtained by him would bear six per cent interest from the date of its rendition, (Code, § 2078,) he was not entitled, under the prayer of his petition, to interest on his claim before judgment. The appeal from the judgment of the justice of the peace brought the case into the circuit court for trial on its merits, (Code, § 3590,) and the amount of plaintiff's recovery in that court was limited by the prayer of his petition. He could recover no greater sum than he would have been entitled to receive under the same issue if the action had been originally brought in the circuit court.

The case is materially different from *Dryden v. Wyllis*, 51 Iowa, 534, and *Holmes v. Hull*, 48 Iowa, 177, cited by appellant. The former was an original action to enjoin the enforcement of a judgement rendered by a justice of the

peace for $100. The judgment was rendered a year before the injunction suit was brought, and bore interest at six per cent, and it was held that the amount in controversy between the parties in the injunction suit, as shown by the pleadings therein, was the amount of the judgment and interest thereon at the time the suit was instituted. The latter case was a writ of error for the removal of a cause to the circuit court, wherein a justice of the peace had rendered a judgment for $100, and this judgment had been on interest for one month when the proceeding was instituted, and it was held that the amount in controversy in the proceeding was the amount of the judgment and interest at the time the proceeding was had. In each of those cases the proceeding from which the appeal to this court was taken was an attack upon the judgment of the justice of the peace, and, if successful, would have the effect to destroy that judgment; and it is very clear that the amount in controversy in each case was the value of the judgment at the time the proceeding was had. But in this case the appeal from the judgment of the justice of the peace had the effect, as we have seen, to bring the case into the circuit court for retrial there of the issues, and, as the amount of plaintiff's recovery in that court was limited to the amount claimed in his petition, it is equally clear that that is the amount in controversy. The appeal is therefore

DISMISSED.