THOMAS FARMER v. H. N. BROKAW, *et al.*, Appellants.

**Evidence:** CONCLUSIONS. Evidence by a witness that his "contract was made" with specified persons, is inadmissible, as a conclusion of the witness.

HARMLESS ERROR. Error in allowing plaintiff in re-direct examination to state, as a conclusion, with whom the contract in suit was made, is harmless, where he immediately added that he had no contract other than the one he had detailed in his direct and cross-examination.

**Joinder of Cause and Parties:** INSURANCE COMMISSION. General agents for an insurance company and a local agent of such company who retain and convert to their own use all the commissions for obtaining an application for life insurance, are jointly liable to one who acted with the local agent in effecting the insurance under an agreement by the local agent to pay him half the commission earned, ratified by the general agents.

**Appeal:** CERTIFICATION OF EVIDENCE: *Bill of exceptions.* A bill of exceptions which states merely that plaintiff "to sustain the issues upon his part, introduced the following" evidence (specifying it), and contains similar statements in regard to the evidence for defendants and in rebuttal, does not show that it contains all the evidence.

**BILL OF EXCEPTIONS:** *Misconduct of counsel.* Alleged misconduct of an attorney in his closing argument, set out only in affidavits, cannot be considered on appeal where the bill of exceptions does **not** show what the objectionable statements of the attorney were.

*Appeal from Linn District Court.*—Hon. G. W. Burn-ham, Judge.

Monday, May 17, 1897.

ACTION at law to recover an amount alleged to be due the plaintiff for services rendered in obtaining an application for life insurance. There was a trial by jury, and a verdict and judgment for the plaintiff. The defendants appeal.—*Affirmed.*

*C. D. Harrison* and *Jamison & Smyth* for appellants.

*Henry Rickel* and *M. P. Smith & Son* for appellee.

ROBINSON, J.—In the years 1891 and 1892 the defendants Fleming Bros. were agents for the Mutual Life Insurance Company of New York. Their territory included Linn county and fifteen other counties of this state. The defendant H. N. Brokaw was a local agent of the company at Cedar Rapids. In September, 1892, an application for a policy in the sum of

fifty thousand dollars was obtained of Mrs. Sinclair, of Cedar Rapids, and a policy for that amount was subsequently issued to her. It was delivered by Fleming Bros., who at the same time received a check for four thousand three hundred and sixty dollars, which was the first payment due for the policy. The compensation or commission which was to be paid for services rendered in obtaining the application was one thousand four hundred and thirty-eight dollars and fifty cents. Fleming Bros. had no right to that commission, but all of it belonged to the local soliciting agent or agents who obtained the application. The plaintiff claims that he assisted Brokaw in obtaining the application, under an agreement by which the commission which should be earned in securing it was to be equally divided between them. All of it was in fact applied by Fleming Bros. as a credit on an indebtedness which Brokaw owed to them. The petition contains two counts. The first count alleges that in August, 1892, the plaintiff was engaged by the defendants to assist them in soliciting life insurance in the company named; that, acting for the defendants, the plaintiff and Brokaw secured the issuing of the policy to Mrs. Sinclair; that one-half of the commission therefor was to be paid to the plaintiff, under a verbal agreement made by him with the defendants; that Brokaw, having received the commission with the consent and approval of Fleming Bros., has ever since retained it, and refused to pay it or any part of it to the plaintiff, and that the defendants have taken it and converted it to their own use, and refuse to pay any part thereof to the plaintiff; that after the application for the policy was secured, the defendants orally ratified the contract under which the plaintiff was entitled to one-half the agent's commission, and orally agreed to pay to plaintiff one-half of such commission. The second count sets out at

considerable length the alleged agreement with the plaintiff, and the transaction which ended in the delivery of the policy to Mrs. Sinclair and the giving of the check to Fleming Bros., and alleges further that the check included the commission due the plaintiff and Brokaw; that, when it was given, the plaintiff called upon Fleming Bros. for the purpose of procuring his share of the commission; that Fleming Bros. admitted the receipt of the premium, including commission, but asked the privilege of using the check to have it photographed to promote their own business and that of the company, and told the plaintiff that they understood he was to have one-half of the commission, and that they would see that he received it; that at the time the plaintiff, being aware that Brokaw was betting upon the results of the election, was desirous of taking steps to secure his share of the commission, but, owing to the promises and assurances of Fleming Bros., took no steps to procure the same, but relied upon their promise that they would pay him as soon as they had photographed the check; that, notwithstanding their promise, Fleming Bros., with intent to defraud the plaintiff, without authority and in fraud of his rights, paid the money to Brokaw, who has since retained it; that Fleming Bros. and Brokaw, acting in concert with intent to cheat the plaintiff, have converted the money to their own use, and refuse to account for it. Brokaw filed an answer in which he denies the alleged agreement upon which the plaintiff relies, and denies all liability to him. Fleming Bros. filed an answer which contains a general denial and pleads a misjoinder of parties. The verdict and judgment were for one-half of the commission due on account of the Sinclair policy.

I. The appellee, in an additional abstract, denies that all the evidence introduced on the trial was made of record, and now claims that none of the questions

presented by the appellants can be considered, because it is not shown that all of such evidence is before us.

The facts upon which the claim thus made is based appear to be as follows: The evidence was preserved only by the shorthand reporter's report of the trial, and a skeleton bill of exceptions. It is not shown that the shorthand reporter's notes were certified by the reporter nor by the trial judge, nor is the transcript of the notes certified by the judge. The certificate of the shorthand reporter attached to the translation shows that it is a complete transcript of the notes as taken by him, but it is not shown that he took notes of all the evidence. The bill of exceptions was signed by the judge. That recites that "the plaintiff, to sustain issues upon his part, introduced the following oral, documentary, record, written and printed evidence, to which objection was made by the defendant, and motions made to strike out, all as set forth and contained in, or identified and referred to in, the official shorthand notes of the official shorthand reporter filed in this case." Then follows a direction in words as follows: "(Clerk will here insert the evidence introduced by the plaintiff, oral, documentary, record, written and printed, as contained, identified, or referred to in the official shorthand notes of the official shorthand reporter, together with the objections of the parties thereto, the motion to strike out, rulings of the court thereon, and exceptions of the parties taken thereto, as contained in the official shorthand notes of the official shorthand reporter)." Similar statements in regard to the evidence introduced by the defendants and by the plaintiff in rebuttal, and similar directions to the clerk following such statements, were set out in the bill of exceptions, and the shorthand reporter's notes were identified and made a part of it. That does not state, in direct terms, however, that it includes all of the

evidence introduced on the trial; and, unless we may presume that it does from the statements it contains, we cannot determine any question which involves the examination of all of the evidence upon which the district court and jury acted. The only statements of the bill of exceptions in regard to the evidence are those to which we have referred. Is the statement that "the plaintiff, to sustain the issues upon his part, introduced the following" evidence (specifying it), equivalent to saying that he introduced that specified, and none other? And will that statement, and similar ones, in regard to the evidence for the defendants and the evidence in rebuttal, be equivalent to saying that the evidence thus identified was all which was introduced? We think both of these questions must be answered in the negative. The statements made may have been true, and yet the evidence identified may have been but a small part of that introduced. We conclude, therefore, that it is not shown that all the evidence introduced on the trial is before us.

II. At the close of the evidence in chief for the plaintiff, Fleming Bros. asked the court to direct a verdict for them, or to dismiss the cause as to them, on the alleged grounds that there was a misjoinder of parties defendant, and that there was a misjoinder of causes of action and parties defendant. The motion was overruled, and of that ruling the appellants complain. We are of the opinion that it was correct. As we have seen, the first count alleges that the plaintiff was engaged by the defendants, that he and Brokaw acted for the defendants in effecting the insurance, that the defendants agreed to pay him one-half of the commission earned in the matter, and that the defendants have retained the commission and converted it to their own use. The second count

alleges that the plaintiff and Brokaw made the agreement under which the policy of insurance was issued, and were to share equally between them the commissions earned, that the commission in question was earned and received by Fleming Bros., and that they and Brokaw, acting in concert, and with intent to defraud and cheat the plaintiff, have converted the commission to their own use. The count also contains other averments, but those set out are sufficient, if true, to show a joint liability of the defendants, and there is no misjoinder of causes of action. In reaching this conclusion, we do not consider the evidence.

III. The plaintiff testified at considerable length on direct and cross-examination in regard to his alleged contracts with the defendants. On re-direct examination he was asked, "Well, now, state with whom your contract was made," and answered, "My contract was made with the Fleming Bros. and with Mr. Brokaw." The defendants had objected to his question, and they moved to strike out the answer as not stating a fact, but the conclusion of the witness. The motion was overruled. It should have been sustained. The answer was in the nature of a conclusion of the witness, and he should have been confined to a statement of the facts involved in the making of the contract. Whether the contract he alleges was made with any one, and, if made, whether Fleming Bros. were parties to it, were material and disputed questions, which the jury, under the instruction of the court, and not the plaintiff, were required to decide. The question and answer were not of a preliminary character, but related to a vital issue in the case, and that is clearly shown by the evidence we have before us. But we think the answer was not prejudicial, for the reason that on re-cross-examination the witness almost immediately stated that he had no

other contract than the one he had detailed in his direct and cross-examination.

IV.   The appellants complain of certain portions of the charge given to the jury, and of the refusal of the court to give certain instructions asked by them. But the questions thus presented, so far depend upon the evidence submitted in the case, that we are unable to say that the charge was wrong, or that any of the instructions refused should have been given. Considered as mere statements of law, the charge is not erroneous.   Portions of the instructions asked were included in the charge, and the portions omitted, so far as correct, may not have been applicable, under all the evidence received in the case.

V.   The appellants complain of alleged misconduct of an attorney for the plaintiff in making the closing argument to the jury.   It is set out only in affidavits, which, as shown by numerous decisions of this court, are not competent to make such matters of record.   The bill of exceptions recites that, while the argument objected to was being made, an attorney for the defendants stated to the court that he took exceptions to a certain statement made in the argument; that the court thereupon paid close attention to the statements of the attorney who was making the argument, but did not interrupt him, for the reason that it thought that what he said was legitimate comment upon the facts in the case.   The bill of exceptions does not show what the statements to which objection was made were.   If the defendants desired this court to review the ruling of the district court in holding that the statements were proper, they should have been incorporated in a bill of exceptions signed by the judge, or, if he refused to sign it, the signature of bystanders should have been obtained. Code, section 2835.

VI.   What we have said disposes of all the questions presented in argument which the condition of the record permits us to determine.   Prejudicial error in the proceedings of the district court is not shown, and its judgment is AFFIRMED.