INDEPENDENT VAN & STORAGE COMPANY et al., Appellees; v. IOWA MERCANTILE COMPANY, Appellee; JOHN C. ARMSTRONG, Intervener, Appellant.

**RECEIVERS:** Technical Procedure—Waiver. When a creditor, under permission of the court, intervenes in receivership proceedings, and presses to a close, without objection, his claim for a preference, subsequently raised objections (1) that the presentation of the claim was not timely, (2) that no order was entered permitting the receiver to be sued, (3) that the receiver was not named as a defendant, and (4) that the other creditors were not notified, will be treated as waived.

**PLEADING:** Admission Because of Failure to Deny—Waiver. A material allegation is not deemed true because of the failure to deny it, when the party pleading neither moves for default nor for judgment, but proceeds to trial as though such allegation had been formally denied.

RECEIVERS:  Judgment  Adjudicating  Preference.  A  judgment against an insolvent, for money paid under a fraud-induced and rescinded contract, does not *ipso facto* adjudicate that the judgment plaintiff is entitled, in receivership proceedings, to the standing of a preferred creditor, especially when neither the receiver nor the remaining creditors were parties to the judgment proceedings.

TRUSTS:  Claimant Against Insolvent.  One  who  has  been  defrauded of his property, and seeks to establish a trust against the insolvent and his general creditors, must (1) actually point out his property which is the subject of the trust, or (2) actually show that his property has passed into other specific property, and that the same is now in the possession of the defendant.

RECEIVERS:  General Creditors.  A  defrauded  creditor  of  an  insolvent, who fails in his claim for a preference over all other creditors, should not be denied the rights of a general creditor.

APPEAL AND ERROR:  Motion to Strike Amendment.  Appellee's unnecessary or unauthorized amendment to abstract will not be stricken, when the only matter at stake is the costs, and when, under the decision, appellee must pay all the costs.

*Appeal from Linn District Court.*—MILO P. SMITH, Judge.

OCTOBER 2, 1920.

INTERVENER, Armstrong, prayed that a judgment he had obtained against the Mercantile Company should be made a preferred claim on assets in the hands of a receiver of that company.  His petition of intervention having been dismissed, he appeals.—*Modified and affirmed.*

*C. W. Meek*, for appellant.

*Crissman, Linville & Churchill*, for appellees.

SALINGER, J.—I.  On April 18, 1916, Armstrong gave his notes, aggregating $1,500, to the Mercantile Company, in payment for shares of stock in said company.  The company

went into the hands of a receiver, on September 7, 1916. Learning of this fact on September 18, 1916, Armstrong served notice on the company and on the receiver that he had elected to rescind his said stock subscription, on account of fraud and misrepresentations in obtaining the subscription. On November 15, 1916, he obtained a decree in the superior court of Cedar Rapids, rescinding the subscription on the ground of fraud and want of consideration, and he obtained judgment against the company in the sum of $1,551.99, because his notes had been transferred to an innocent purchaser.

On permission of the court, Armstrong, on November 29, 1916, intervened in the receivership suit. As said, he asked that his judgment be established as a preferred claim against the estate of the company, and that it be allowed, and ordered paid in full by the receiver.

Each party urges technical objection to positions taken by the other. Appellee insists that, since the decree appealed from is general, that for all that appears, such decree was based on the conceded fact that, 1. RECEIVERS: technical procedure: waiver. when intervener first appeared in the receivership suit, the time limit fixed in that suit for filing claims therein had been passed. It is said, too, that no order was made, permitting suit against the receiver; that he was not named as a party defendant to the intervention; and that the creditors were not served with notice of intervention. We may admit it to be the general rule that the claimant must file within the time fixed, or excuse failure so to do. 34 Cyc. 342; 23 Am. & Eng. Encyc. of Law (2d Ed.) 1118. We may grant it is the proper practice to obtain a formal permission to proceed, as against the receiver, to name him as a defendant, and to notify creditors who have filed claims. But we think all this was waived, because the court did permit and did give consideration to the intervention, and did this without objection's being made on any of these heads. And this view is supported by the further fact that final distribution had not been made, at the time when appellant intervened.

1-a

Appellant urges, in effect, that his claim was, under provisions of Section 3623 of the Code and the rule in 20 Standard Encyc. of Practice 880, 884, confessed, because there was no denial of his amendment to petition of intervention. We find that such denial would have added nothing to the general denial already on file. See *Markey v. Chicago, M. & St. P. R. Co.*, 171 Iowa 255. Be that as it may, no such confession may be claimed; because no default was asked, no motion for judgment was made on account of want of further answer, and because the trial was proceeded with as and though said amendment had been formally denied. See *Gregory v. Bowlsby*, 126 Iowa 588; *Long v. Valleau*, 87 Iowa 675, 691; *Medland v. Walker*, 96 Iowa 175.

2. PLEADING: admission because of failure to deny: waiver.

II. Intervener asserts that the decree of the superior court is an adjudication for intervener that a trust to the amount of the judgment is impressed upon the assets of the Mercantile Company now in the hands of the receiver, and said decree settles that the judgment is a preferred claim, senior to the merchandise creditors of the company. True, the superior court judgment finds that Armstrong's subscription was fraudulently obtained, that he received no benefit for his notes, and that he has been guilty of no laches. It rescinds and cancels the subscription. So far, nothing is decreed that creates a special trust relation between Armstrong and the company; and, in effect, the decree does not go beyond finding that, by reason of the fraud practiced in obtaining the notes from Armstrong, the company was indebted to Armstrong. This fact alone does not entitle intervener to the preference he claims. Be that as it may, the superior court judgment is no adjudication on the vital matter involved in this controversy, because, so far as the record shows, neither the receiver nor the creditors who filed in time were made parties, or appeared in the superior court. Moreover, the decree of that court has this proviso:

3. RECEIVERS: judgment adjudicating preference

"And this decree is not an adjudication of the rights, if any, of plaintiff against K. T. Lamb, receiver of the Iowa Mercantile Company, nor against the creditors of said company, or of the rights of said receiver or said creditors against the plaintiff."

III. The record does not establish the trial court held "that the mere appointment of a receiver of the Iowa Mercantile Company because of mismanagement, fraud, and insolvency, prior to intervener's notice of rescission, and action in court to force a rescission, barred intervener's right of cancellation, rescission, and recovery, on the grounds of the admitted fraud, misrepresentations, and despite his diligence in discovering the same."

But assume that the naked fact that a receiver was appointed before Armstrong rescinded, does not bar the claim for preference. Still, the preference may not be had merely because some things will not defeat it. It was still the duty of intervener to show that he was entitled to the preference claimed by him. On the right to have this preference, the argument for the appellant divides into three general propositions:

4. TRUSTS: claimant against insolvent.

a. The money paid by Armstrong bought merchandise for the company, and the receiver now holds the money received for this merchandise, and this has increased the funds in his hands as receiver, to the extent of the intervener's judgment.

b. There is no evidence that the assets are insufficient to pay all claims, including that of intervener; therefore, there is no evidence that anyone will be injured if the preference is allowed.

c. Neither the receiver or the creditors have pleaded an estoppel, or pleaded that any debts had been contracted after Armstrong made his subscription; and neither receiver or creditors have opposed the allowance in full.

The appellees respond that they are not bound to show that full allowance will do no harm; and that it is for appellant to show that allowance of his claim will not preju-

dice the other creditors; and that he has the burden of proving that the funds in the hands of the receiver were accreted to the extent of intervener's judgment. They point out that, even if appellees had the burden, the record shows that the money obtained from Armstrong was expended long before the receiver was appointed; that over $100,000 was absorbed by losses and mismanagement of the Mercantile Company; that creditors who have filed their claims with the receiver extended credit to the company after the date when Armstrong bought his stock, and before the appointment of the receiver, in the sum of $14,436.39; that the claims filed with the receiver, including said $14,436.39, aggregate the sum of $85,640.35; that the court may not assume the money of Armstrong was not dissipated by the losses and mismanagement of the Mercantile Company, nor assume the receiver still has the particular money lost by Armstrong, in the form of assets remaining.

The general position of appellee is summed up thus: Where a creditor seeks to repudiate or rescind his contract for the stock of an insolvent company which is in the hands of a receiver, he has the burden of both alleging and proving that no rights of creditors intervened between the date he became a stockholder and the date of the appointment of the receiver. We need not decide whether there be such evidence, nor some of the other questions suggested; for all authority agrees that claimant who seeks a preference based on a trust has the burden of proving that what is in possession of the receiver has been accreted by the money or property of claimant. One who has been fraudulently deprived of his property, and seeks to establish a trust against the defendant and defendant's general creditors, must actually point out his property which is the subject of the trust, or actually show that his property has passed into other identified property, and is preserved in that form in the hands of defendant. *Farnsworth v. Muscatine P. & P. I. Co.*, 177 Iowa 21. To like effect are *State v. Bank of Commerce*, 61 Neb. 181 (85 N. W. 43); *City of Lincoln v.*

*Morrison,* 64 Neb. 822 (90 N. W. 905); and 39 Cyc. 544, 545, 547. And see *Seeley v. Seeley-Howe-Le Van Co.,* 128 Iowa 294.

We are of opinion that the provisions in the articles of incorporation which regulate what and how much may be bought on credit, and provisions restricting the going in debt in excess of the amount of cash on hand, are immaterial to any issue to be decided on this appeal. And it may be said in passing that, if these restrictions were exceeded, it was done by the directors of the Mercantile Company, who were the agents of Armstrong.

IV. But the troublesome question arises over whether it was proper to deny the intervener all relief. Appellee himself says: "The most he could claim was that he was a general creditor." To be sure, it is added that "he is not entitled to participate as such." Why not? He did make claim. He was, then, a general creditor. He was permitted to proceed with his claim, and without objection on the score that he had not filed in time. If, then, he may be excluded from participation as a general creditor, it must be on the ground urged by appellee: That Armstrong was, after all, but a stockholder, and that the general creditors are entitled to full payment from the insolvent estate before a stockholder could participate; that the receiver is, a trustee, first for creditors, and only secondarily for stockholders. The difficulty with that position is that, at the time when Armstrong made claim against the receiver, the action of the superior court had canceled his subscription, and terminated his relation of stockholder; and to the suit in which the judgment having this effect was entered, the receiver was made a party, on due notice.

5. RECEIVERS: general creditors.

We think Armstrong was at least a general creditor. With no objection made to the time and manner in which he asserted his claim, he is to be treated as a general creditor, who had claimed in proper time and form. It follows the district court should not have dismissed his interven-

tion *in toto,* but should have treated him as a general creditor.

V. Appellant moves to strike appellee's amendment to abstract, on the grounds that all the matters contained therein were proper subjects of pleading, and were not pleaded in answer to the petition of inter-

6. APPEAL AND ERROR: motion to strike ·amendment.

vention; that all the matters are evidentiary, and there is no record that they were introduced in evidence, nor called to the attention of the trial court; that none of said matters are part of the agreed statement of facts, and, therefore, unnecessary to a full understanding of the questions presented by this appeal, and are in contravention of Rule 30; and that appellee has waived any rights he might have had by reason of the matters set out in the amended abstract, because he went to trial without having interposed any objections based on matters set out in the amended abstract.

The appellee resists this by saying that all these matters are a part of the court records and files in this action, in which appellant has intervened; that the trial court took judicial notice of all of them, and considered them without formal introduction; and that they are all proper and material for present consideration.

In view of the conclusions we reach, this motion involves really nothing but the cost of printing of appellee's amendment. And because of our said conclusion appellee has all the costs to pay, no useful purpose would be served by striking the amendment, assuming that there is any ground for striking it.

The appellee moves to strike from appellant's abstract page 1 to and including line 13 on page 22, with the exception of Article 9 on page 13, which is lines 14 to 29 on page 13; and the motion is grounded on the claim that these matters are wholly unnecessary to a full understanding of the questions presented by appellant, and are in contravention of Rule 30. This motion, too, is denied.

On remand, judgment will be entered below in harmony with this opinion.—*Modified and affirmed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.