MANBECK MOTOR SALES COMPANY, Appellee, v. F. R. GARSIDE et al., Appellants.

No. 39519.

JUNE 24, 1929.

*Dalton & Knop,* for appellants.

*Swan, Martin & Martin* and *Lehmann, Seevers & Hurlburt,* for appellee.

STEVENS, J.—I. Appellee is a corporation engaged in the automobile business at Des Moines, Iowa. The appellant F. R.

Garside was formerly engaged in a similar business at Atlantic. On December 4, 1925, F. R. Garside executed to appellee an instrument referred to in the evidence as a mortgage, or mortgage note, for $225. The instrument gave the seller a lien on a certain Maxwell coupé, and was acknowledged and recorded. Subsequently, F. R. Garside sold the coupé to his son and co-appellant Harley, who, in his answer, set up a plea of payment, and also challenged the validity of the so-called mortgage, upon the ground that the description contained therein is wholly insufficient to impart constructive notice, and that the acknowledgment is fatally defective.

It is also contended by appellants that, in so far as the instrument sought to create a lien upon the coupé, it was void, for the reason that it was intended, when the instrument was executed, that the property should be sold by F. R. Garside in the usual course of business. The defect asserted in the acknowledgment is that it does not recite the name of the officer before whom the same was taken. Appellants' contention is bottomed upon the decision in *In re Branson,* 17 Fed. (2d Ser.) 377. This court has declined to follow the holding in the cited case. The certificate of acknowledgment was sufficient. *Dunham v. Grant,* 207 Iowa 602.

II. The description in the instrument was sufficient as between the parties, and also as against subsequent purchasers with actual notice thereof. The appellant Harley Garside did not allege in his answer that he purchased the automobile for value, and without actual notice of the lien. F. R. Garside alleged in his separate answer that he sold and conveyed the automobile to Harley for a valuable consideration. No evidence whatever was offered either to show that the purchase was for value or that the purchaser did not have actual notice of the terms of the written instrument. To avoid the lien of appellee, it was incumbent upon the purchaser to so allege and prove. *Loranz & Co. v. Smith,* 204 Iowa 35.

III. Complaint is made of several paragraphs of the court's charge to the jury. The thought of counsel as to these instructions is that they lack consistency with other paragraphs of the charge. We have read them carefully, and are unable to discern

the slightest inconsistency or error therein. We deem it unnecessary to set them out or to discuss them further.

IV. One of the grounds of a motion for a new trial was that the verdict was not sustained by the evidence. This assignment presents the most doubtful question in the case. The evidence of payment by Harley Garside, coupled with the circumstances, was rather persuasive in his favor. There is, however, a direct conflict in the testimony as to every fact and transaction relating to this plea. The case was submitted to the jury under proper instructions, and the court is not, in view of the conflict in the evidence, warranted in setting the verdict aside. We find no error in the record, and the judgment is affirmed.—*Affirmed.*

ALBERT, C. J., and FAVILLE, DE GRAFF, and MORLING, JJ., concur.