C. P. Meredith, Appellee, v. B. O. Beadle, Defendant;
J. H. Turner, Intervener, Appellant.

No. 40406.

December 9, 1930.

*Turner & Turner,* for J. H. Turner, appellant, and B. O. Beadle, defendant.

*C. A. Meredith* and *G. C. Dalton,* for appellee.

Wagner, J.—This is an action at law, and the trial was begun to a jury; but at the close of the evidence, the parties stipulated that the jury should be discharged, and the findings made by the court. We find it unnecessary to determine all of the questions which have been argued. The parties concede that it is an action at law, and, it having been tried as such, the decision of the trial court on questions of fact has the same weight, force, and effect, as would the verdict of a jury; and if there is evidence, and the fair inferences to be drawn therefrom,

from which the trial court could properly arrive at its findings, this court will not reverse. See *Scott v. People's Monthly Co.*, 209 Iowa 503; *Gregerson Bros. v. J. G. Cherry Co.*, 210 Iowa 538.

The intervener, J. H. Turner, is the owner of a farm, upon which the corn in controversy was grown. His son, Perry F. Turner, had leased the farm for some years prior to March 1, 1927. While the intervener alleges in his petition of intervention that he has a landlord's lien upon the corn, there is no evidence of rent due, and therefore said allegation needs no consideration.

The defendant, Beadle, operates an elevator at Atlantic. The corn, which is the subject of this controversy, belonged to the son, and was stored in the elevator for the purpose of sale by the defendant. The son, Perry F. Turner, was indebted to the plaintiff in the sum of approximately $1,200, both on account and on notes, some of which were not due on January 13, 1927. On that date, a settlement was entered into between the plaintiff and the son, whereby the son transferred to the plaintiff the corn in the elevator in settlement of his indebtedness to the plaintiff. The trier of the facts could well find from the evidence that the title to the corn was transferred to the plaintiff as a settlement for the indebtedness then owed by Perry F. Turner to the plaintiff. Perry Turner executed to the plaintiff a bill of sale for the corn in the elevator, which was immediately presented by the plaintiff to the defendant, Beadle, and the corn was insured in the name of the plaintiff, and subsequently sold by Beadle, who frankly admits that he has the money, but, because of claims made by the intervener, has not paid the plaintiff. As stated, the trier of the facts could well find that, as between the son and the plaintiff, the title to the corn passed to the plaintiff. Indeed, no other finding would have support in the evidence.

The intervener claims the right to the $1,000 by reason of a claimed chattel mortgage which he asserts to hold upon the corn. This chattel mortgage purports to be dated April 21, 1926. It was acknowledged January 14, 1927, the next day after the transaction between the son and the plaintiff, and was filed with the county recorder on the date of the acknowledgment. The intervener contends that the lien of his chattel mortgage is prior to the rights of the plaintiff. This cannot be true; for, even if it was signed, as claimed, on April 21, 1926, the uncontradicted evi-

dence is that there was no delivery of the instrument by the son to the father until after it was recorded. An undelivered chattel mortgage confers no rights to the party therein named as mortgagee. The son testified that he had this mortgage in his possession all the time until January 14, 1927. It is quite clear that the intervener had no mortgage lien upon the corn crop at the time of the transfer of the title to the corn from the son to the plaintiff.

Since the son, on the 13th day of January, 1927, was not in the actual possession of the corn, the title passed to the plaintiff unaffected by our filing or recording act, to wit, Section 10015 of the Code, 1927. See *Frank & Co. v. Levi & Co.*, 110 Iowa 267; *National Bank of Milton v. O'Brien,* 196 Iowa 865, and cases therein cited. Moreover, even were the aforesaid filing and recording statute applicable to the situation, yet, under the facts, the intervener had no lien until the delivery of the instrument, which was after the completed transaction between the son and the plaintiff; and in that event, the burden would be upon him to allege and prove lack of notice of the rights of plaintiff under the bill of sale. See *Loranz & Co. v. Smith,* 204 Iowa 35.

It becomes unnecessary to pass upon the other propositions raised in argument by the appellee. The judgment of the trial court is clearly right, and the same is hereby affirmed.—*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.