RALPH F. CRISWELL et ux., Appellees, v. CARL H. CRISWELL et ux., Appellants; RUEL R. DODDS, Intervener, Appellee; HUGO L. WILCKEN, Referee, Appellee.

No. 46536.

OCTOBER 17, 1944.

Lane & Waterman, of Davenport, for appellants.

Harold W. Hoersch, of Davenport, for appellees.

Edward A. Doerr, of Davenport, for referee appellee.

MULRONEY, J.— When this controversy was last before us we upheld the sale of the realty, that was the subject of partition, to Ralph Criswell, and made certain rulings with respect to claims, judgments, and the allocation of costs. See Criswell v. Criswell, 230 Iowa 27, 296 N. W. 735, 300 N. W. 533. It appears that distribution was made by the referee after the notices of appeal to this court were served in that case. Our decision upon the former appeal changed the manner of distribution so that the appellants in that case should have received in the aggregate $1,082.88 more than had been allowed them. Since full distribution had been made at the time procedendo issued after the former appeal, the trial court entered a decree which determined the amount due the appellants in conformity with our former opinion but gave the appellants in the former action judgments against those who had been overpaid instead of ordering the referee to pay them in cash. The same appellants again appeal asserting that they are entitled to payments in

cash by the referee and not in judgments. The referee, the sole appellee, defends on the ground that he distributed pursuant to the order of the court that appointed him and that the distribution proceedings were not stayed by the mere perfection of an appeal without the giving of a supersedeas bond.

We agree with counsel for appellants that the record upon the former appeal is available upon this appeal. This is not a different case between the same parties. It is a further proceeding in the same case. When we examine the record upon the former appeal and the record upon this appeal we find the trial court's order of March 21, 1940, approving the sale to Ralph, the referee's report of sale and proposed distribution of April 17, 1940, and the court order of April 17, 1940, approving the referee's report of sale. Also, on April 17, 1940, we find the appellants perfected an appeal to the supreme court, the notice specifically stating that the appeal was from various court orders, including the orders of March 21st and April 17th. On April 23, 1940, the appellants filed a resistance to the referee's proposed distribution, pointing out that there should be no distribution because the matter was pending upon appeal and, among other things, that the proposed distribution did not properly allocate costs. An amended and substituted report of the referee for proposed distribution was filed on May 22, 1940, and similar objections thereto were filed by appellants on May 31, 1940. Thereafter, on June 3, 1940, the court made an order which directed the referee to make distribution "forthwith" and on June 7, 1940, the referee reported that he had made the distribution in accordance with the June 3d order except for the payments to Carl H. and Elizabeth Criswell, who had refused to accept the payments he tendered to them, and he prayed for an order of approval and an order authorizing the deposit of the funds in his hands with the clerk of court. The order of approval and to deposit funds with the clerk was entered July 18, 1940, and on the 19th of July 1940, the appellants perfected another appeal, the notice specifically stating the appeal was from the orders of June 3d and July 18th.

The foregoing is a sufficient statement of the record of the proceedings necessary for the present controversy. While the

appellants urge a number of propositions upon which they contend they are entitled to payments in cash, they are all answered by the legal proposition that the referee, as an officer of the court, had no alternative except to obey the order of distribution "forthwith" of June 3, 1940. Appellants' appeal from that order was not taken until July 19, 1940. That order was the subject of review in our former hearing in this court. It does not appear that appellants there argued that the court was without jurisdiction to enter the order. They sought a review of the order of distribution and this was granted. Their contentions were sustained in part as to the allocation of costs in the order of distribution.

We need not decide the right or propriety of the trial court's entering an order of full distribution after the appeal from the order approving the sale has been perfected. It is enough to state that after the referee has been ordered to make distribution "forthwith" the perfection of an appeal from that order does not stay its execution unless a supersedeas bond is given. The referee acts as a fiduciary. He has no interest in the funds distributed and he does not profit by the distribution. A person aggrieved by the distribution order may appeal and hold the execution order in abeyance pending the outcome of the appeal by putting up a supersedeas bond, or he may invoke the discretion of the court under section 12349*, Code of 1939, in an effort to require security from the distributees. Here the appellants did neither.

Appellees' motion to dismiss the appeal is overruled because it was filed more than ten days after the record was filed in this court. Rule 348(a), Iowa Rules of Civil Procedure.

The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur.

---

*12349 Security to refund money. The court in its discretion may require all or any of the parties, before they receive the moneys arising from any sale authorized in this chapter, to give satisfactory security to refund the same, with interest, in case it afterward appears that such parties were not entitled thereto.