Anthony Homolka, appellant, v. Anna Catherine Drahos, appellee.

No. 48820.

(Reported in 74 N.W.2d 589)

FEBRUARY 7, 1956.

William A. Bergman, of Cedar Rapids, for appellant.

W. L. Fahey and D. M. Elderkin, both of Cedar Rapids, for appellee.

HAYS, J.—This appeal, nonoral submission, is before the court solely upon a printed record and appellant's brief and argument.

The questions presented arise out of a partition action dating back to 1950. In that action Grace Biddick was plaintiff with Anthony Homolka and Anna Catherine Drahos (now Darragh) the defendants. The three parties appear to have been the co-owners of the real estate involved. Partition of the property was ordered and the property sold. On August 22, 1952, the court ordered distribution of the share of the fund which belonged to Biddick. This was done and Biddick has no interest in the instant litigation. Pending, at the time of above-mentioned order for distribution, was an action by Darragh against Homolka for alleged waste to the real estate involved. As to their distributive shares, the order provided: "Their share is to remain in the hands of the referee * * * who shall make distribution to the respective parties according to the court's final determination thereof." Thereafter, the action for waste was submitted. On December 31, 1953, the court determined the issue and allowed Darragh triple damages against Homolka. This was in an amount in excess of Homolka's share of the partition fund, and a judgment was entered for this amount.

On January 5, 1954, W. L. Fahey, a member of the Linn County Bar, as an attorney for Darragh, obtained an ex parte order directing the referee to pay to him for Darragh the balance of the funds held by the referee. On January 7, 1954, Homolka filed a motion to stay all proceedings, alleging an intention to ask for a modification of the waste judgment, and, if necessary, to appeal. On the same date the court, by order, provided: "The court now orders the attorneys for * * * Darragh not to disburse any funds received from the referee until the motion which * * * Homolka may file as is permitted by the Rules of Civil Procedure, No. 243 or 244. The said Anthony Homolka is directed to file his motion as contemplated by rule 246 of the Rules of Civil Procedure." On January 9, 1954, the following calendar entry was made: "The stay order of January 7, 1954, as granted, is set aside." No application for such an order appears in the record, and the order was clearly ex parte. On January 11, 1954, Homolka filed a motion for a new trial in the waste proceedings, which was denied, and said cause was appealed to this court. On February 8, 1955, this court reversed the judgment of the trial court with the result that Homolka became entitled to $3655.54 out of the partition proceeds. See Biddick v. Darragh, 246 Iowa 518, 68 N.W.2d 285.

On February 17, 1955, Homolka asked the court for an accounting by the referee, and, by an amendment on March 29, 1955, asked that the referee be required to pay to him in cash his share of the partition proceeds. Only the referee appeared and resisted, although notice to Darragh and others was given as prescribed by the court. The referee asserts payment by him under the former court order. On April 1, 1955, the court dismissed the application as to the referee, but entered a judgment against Darragh for the amount of Homolka's share in the fund. On April 6, 1955, Homolka, by an amendment to his application of February 17, asked that the court establish a trust by operation of law for the amount due to him and for judgment accordingly. This amendment apparently was never presented to the court, or, at least, the record is silent thereon. On April 26, 1955, this appeal was taken "from all orders, decrees of judgment and from each and every ruling adverse * * * during the hearings

held since February 8, 1955." Under the record the only ruling made by the court since February 8, 1955, is the one of April 1, 1955, in which recovery against the referee was denied.

I.  Appellant's first proposition is that the referee should have been ordered to pay him in cash the amount due to him out of the partition fund.

It is his contention that the order of August 22, 1952, to hold Homolka's and Darragh's shares until "final determination" of the waste action was final; and any order made prior to "a determination beyond appeal" would be void. While we cannot approve of the manner in which this fund was handled by the court through ex parte orders, we find no merit to appellant's request that the referee be held liable.

On January 5, 1954, the court directed the referee to pay the entire fund to Mr. Fahey, as attorney for Darragh. The referee's reply to the application of February 17, 1955, and the amendment of March 29 states that he immediately complied therewith. While it was an ex parte order, and assuming but not holding it to be illegal, it appears to be regular on its face and was so accepted and acted upon by the referee. Under such a situation the law appears well settled to the effect that the referee will be protected. Perry on Trusts, Volume 2, Sixth Ed., section 928; 54 Am. Jur., Trusts, section 485; Chapman v. Northern Trust Co., 296 Ill. 353, 129 N. E. 836, 13 A.L.R. 568; Criswell v. Criswell, 235 Iowa 18, 16 N.W.2d 4.

American Law Institute, Restitution, section 73(2) states the rule as follows: "An action for restitution does not lie against an officer who, acting in good faith and in conformity with process which, although invalid, is fair on its face, has received payment and has paid it over to the person specified in the process." See also Restatement, Judgments, section 11. The trial court was right.

II.  Appellant further asserts the court should have created a trust by operation of law in the fund.

The only request made in the trial court for creation of a constructive trust is in the amendment to motion, filed April 6, 1955. This was after the court had ruled upon the motion. Nowhere in the record does it appear that such amendment was

ever presented to the court. It is urged in argument that many attempts were made to bring the matter before the court and that it refused to act thereon. Hence, it was asserted the same should be deemed to have been denied, at least for purpose of this appeal.

Accepting this theory and assuming a denial by the trial court, we find no merit to appellant's claim.

■■ A constructive trust is an appropriate remedy against unjust enrichment, whether initially tainted with fraud or not. 54 Am. Jur., Trusts, section 219; 89 C. J. S., Trusts, section 139; Restatement, Trusts, section 44; Rance v. Gaddis, 226 Iowa 531, 284 N.W. 468. However, in order to establish such a trust it is necessary that there be a res or specific fund on which the trust may be fixed. 89 C. J. S., Trusts, section 139. As is held in Independent Van & Storage Co. v. Iowa Mercantile Co., 189 Iowa 874, 179 N.W. 157, one who seeks to establish such trust must actually identify his property which is the subject of the trust, or other property into which it has passed, and that it is actually in the possession of the party sought to be charged. See also Carpenter v. Lothringer, 224 Iowa 439, 275 N.W. 98.

■ Now, as to the record before us. That funds belonging to appellant have passed into the hands of persons not entitled thereto may be conceded. Somewhere along the line there is an unjust enrichment. It may be accepted that appellee Darragh, at the time of the matters here involved, was a resident of the state of Utah. This creates no obstacle as personal jurisdiction obtained in the original proceedings continued into the instant case. 90 C. J. S., Trusts, section 455; Meents v. Comstock, 230 Iowa 63, 296 N.W. 721. However, from this point on, the record is lacking in essential elements. It appears that an order was made directing the referee to pay the funds in hand to Fahey, as attorney for Darragh. From the referee's pleadings it may be accepted that he made such payment. Nowhere does it appear what Fahey did with the money; but assuming it was paid to Darragh, whether she now has such fund or has property into which the fund was transformed does not appear.

Appellant tells us in his brief and argument that such fund has been invested in a home in Utah by appellee Darragh. As-

suming this statement to be true, nothing in the record warrants same, and it certainly may not be accepted here as proof of an essential element in appellant's case. The trial court entered judgment against Darragh for the amount claimed by appellant which was all that the court could properly do under the showing made.

The judgment of the trial court must be affirmed.—Affirmed.

All JUSTICES concur.