GOLDEN A. DORCAS et al., appellees, v. NORMAN J. HAMIEL et al., administrators with will annexed of estate of MARION C. HAMIEL, appellants; WALLACE B. MOORE et al., intervenors.

No. 48962.

(Reported in 78 N.W.2d 661)

SEPTEMBER 18, 1956.

REHEARING DENIED JANUARY 18, 1957.

Barnes, Wadsworth, Elderkin & Locher, of Cedar Rapids, and Reid L. Hunt, of Tipton, for appellants.

Maurer & Sebesta, of Mechanicsville, for appellees.

PER CURIAM—Plaintiffs, holders of a chattel mortgage given by Marion C. Hamiel, sought a declaratory judgment for the purpose of determining the rights of the respective claimants to the proceeds of the property in controversy. The trial court held the property in question was not in the "actual possession" as contemplated by section 556.3, 1954 Code of Iowa, the mortgage of plaintiffs was valid, and plaintiffs are entitled to have their secured indebtedness paid out of the proceeds of the sale of the

mortgaged property before any of the general creditors partici-pate in the funds received from the sale thereof. Defendants have appealed.

Marion C. Hamiel, prior to his death on September 25, 1954, was a resident of Tipton, Iowa, and the owner of two farms in Cedar County, Iowa, which were operated on a stock-share basis by two tenants or share operators.

On March 3, 1954, deceased executed a promissory note to Golden A. Dorcas for $4000 and one to Byron M. Dorcas for $8000. These notes were secured by a chattel mortgage covering a one-half interest in livestock and other personal property on the two farms. The mortgage was also dated March 3, 1954. Each of the notes was due two years from the date of the instrument. The mortgage referred to the property listed in it as, "* * * now belonging to *and in the possession of the mortgagor* on two farms in * * * Cedar County, Iowa." (Italics supplied.)

Contemporaneous with the execution of the two notes and the mortgage there was delivered to W. E. Sebesta, an attorney of Mechanicsville, Iowa, an escrow agreement signed by Golden A. Dorcas, Byron M. Dorcas and M. C. Hamiel, which in part provided: "This mortgage is to be delivered to the party or parties who are entitled to the same, upon performance of the agreement set forth in the chattel mortgage first above mentioned. In case of the decease of said mortgagor or his failure to make payments as agreed in said mortgage you are immediately to record such chattel mortgage with the County Recorder of Cedar County, State of Iowa."

The mortgage had not been recorded during the lifetime of Marion C. Hamiel but was filed for record by the escrow agent on September 25, 1954, within a few hours after Hamiel's death.

This appeal involves the application of the facts to section 556.3, 1954 Code, which is as follows: "No sale or mortgage of personal property where the vendor or mortgagor retains actual possession thereof, is valid against existing creditors or subse-quent purchasers without notice, unless a written instrument conveying the same is executed, acknowledged like conveyances of real estate, and such instrument or a true copy thereof is duly recorded by, or filed and deposited with, the recorder of the

county where the mortgagor or vendor resides if he be a resident of this state at the time of the execution of the instrument; but if he be not such a resident then of the county where the property is situated at that time."

The trial court held as a matter of law the deceased did not have actual possession of the mortgaged property, the mortgage had been received in good faith and inasmuch as the mortgagor had not been in possession of it the mortgage was valid. It therefore held the mortgagees should have their secured indebtedness paid out of the proceeds of the mortgaged property before any of the general creditors benefit therefrom.

It is appellees' contention, with which the trial court agreed, that the property covered by the mortgage in question here was in fact held by tenants of M. C. Hamiel under a stock-share agreement. It was therefore reasoned the mortgaged property was in the possession of the tenants rather than of the mortgagor, and so recording was not necessary as against creditors, under the terms of section 556.3, supra.

■■ The difficulty with this position is that the record contains no evidence the property described in the mortgage was held under any agreement of any kind with the farm tenants, if there were such. The mortgage itself describes the property as being "in the possession of the mortgagor." This of course is evidence of such possession. It makes a prima-facie case that possession was where the mortgage says it was. Under these circumstances, if the mortgagees are to prevail upon the theory that the possession was other than where the mortgage recites it was, there was surely a duty upon them to so prove. There is no proof of such possession in any other party to contradict the express language of the mortgage. If there was a stock-share agreement between Hamiel and tenants on the farms referred to in the mortgage, it is not in the record before us. We do not know whether there was such an agreement, or if there was, what were its terms. We are not advised, if there was such an agreement, whether it covered the property referred to in the mortgage. So far as the record in this court is concerned we have nothing more than an unrecorded chattel mortgage, which recites the possession of the property in the mortgagor, with creditors

whose rights under the statute are superior, under these facts, to those of the mortgagees. These creditors and their rights are now represented by the defendant administrators. Raybourn v. Creger, 204 Iowa 961, 963, 964, 216 N.W. 272; Blackman v. Baxter, Reed & Co., 125 Iowa 118, 121, 122, 100 N.W. 75, 70 L. R. A. 250.

It follows that the decision of the trial court must be reversed, and the cause remanded for decree in accordance with this opinion.—Reversed.