ELTON M. WILSON et ux., appellees, v. R. D. KELSO, appellee; PEOPLES FINANCE COMPANY, appellant.

No. 49491.

(Reported in 92 N.W.2d 392)

October 14, 1958.

Morris & Morris, of Des Moines, for appellant.

Watson, Elgin & Hoyman, of Indianola, for appellees.

Garfield, C. J.—The controversy is between attaching creditors and the holder of an unrecorded chattel mortgage as to priority of the two liens. The trial court held, on stipulated facts, the lien of the attachment was paramount. The mortgagee has appealed.

I. Plaintiffs, attaching creditors, argue we do not have jurisdiction of the appeal because, it is said, the amount in controversy is less than $300 and no certificate of the trial judge was obtained. See rule 333, Rules of Civil Procedure. Basis for the argument is an assertion therein, without support in the record, that the articles in controversy were appraised, pursuant to section 626.93, Code of 1958, at $180.

Rule 333 provides "the amount in controversy, as shown by the pleadings," determines the right of appeal. See Geagley v.

City of Bedford, 235 Iowa 555, 563, 564, 16 N.W.2d 252, 257, and citations. However if we assume, without so holding, that appraisement of the property at less than $300 would preclude the right of appeal (without certificate of the trial judge) we cannot accept plaintiffs' argument because nothing in the agreed record shows the appraised value. See in this connection Homolka v. Drahos, 247 Iowa 525, 529, 530, 74 N.W.2d 589, 591. We are committed to the rule that to defeat our jurisdiction because of insufficiency of the amount involved, such insufficiency must affirmatively appear. Whittier v. Whittier, 237 Iowa 655, 661, 23 N.W.2d 435, 439, and citations.

II. Plaintiffs sued defendant Kelso for damages for alleged breach of contract to dig a basement under plaintiffs' dwelling. As grounds for attachment they alleged Kelso has absconded so the ordinary process cannot be served upon him and has removed permanently out of the county, has property therein not exempt from execution and refuses to pay or secure plaintiffs. (See section 639.3, subsections 6 and 7, Code of 1958.) Plaintiffs' petition also stated defendant's whereabouts is unknown to them.

On March 19, 1957, the sheriff levied upon the articles in controversy, a television set, a refrigerator and a box of tools, under plaintiffs' writ of attachment. On March 13, 1957, Kelso gave a chattel mortgage on these and other articles to intervenor, Peoples Finance Company, to secure it for a loan of $300. This instrument was not filed for record with the recorder of Warren County until April 18, 1957, after the levy under the attachment.

Kelso made no appearance to plaintiffs' action and on May 2, 1957, they obtained judgment in rem against him for $2000, confirming the attachment, ordering sale of the attached property, providing that the rights of the finance company shall in nowise be affected by the judgment and continuing the issues raised by said intervenor. The judgment recites that defendant (Kelso) has left Iowa and that the allegations of plaintiffs' petition are true.

Plaintiffs' answer to the finance company's petition of intervention admitted the making of its loan and the chattel mortgage, denied the priority of its lien thereunder and asserted the lien

of the attachment was paramount because the mortgage was not timely filed and was not notice to plaintiffs.

The stipulation of facts consists mainly of the admitted allegations of the petition of intervention, the making of levy under the attachment and the judgment entry against Kelso. As stated at the outset the trial court held the lien of the attachment was paramount to that of the chattel mortgage.

III. The finance company argues that plaintiffs' rights under the attachment can rise no higher than those of the debtor in the attached property. This would be true if it were not for section 556.3, Code of 1958, which provides: "No sale or mortgage of personal property where the vendor or mortgagor retains actual possession thereof, is valid against existing creditors or subsequent purchasers without notice, unless a written instrument conveying the same" or a true copy thereof is filed with "the recorder of the county where the mortgagor or vendor resides * * *."

The rule applicable here is that an attaching creditor can acquire no greater right in personal property attached than the mortgagor-owner holds at the time of the attachment, except under the recording act, where such act applies. National Bank of Milton v. O'Brien, 196 Iowa 865, 870, 195 N.W. 611; Loranz & Co. v. Smith, 204 Iowa 35, 36, 42, 214 N.W. 525, 53 A. L. R. 662.

A creditor who secures a lien on personalty by attachment or execution is an existing creditor within the meaning of section 556.3 and is entitled to priority over the holder of an unrecorded mortgage of which he has no knowledge or notice if the mortgagor retains actual possession of the property. The creditor's right attaches at the time of the levy. Bacon & Co. v. Thompson, 60 Iowa 284, 285–7, 14 N.W. 312, and citations; Young v. Evans, 118 Iowa 144, 146, 92 N.W. 111; Albia State Bank v. Smith, 141 Iowa 255, 258, 119 N.W. 608. See also Yetley v. Irons, 238 Iowa 23, 25 N.W.2d 677, 168 A. L. R. 1159; Dorcas v. Hamiel, 248 Iowa 290, 293, 294, 78 N.W.2d 661, 663.

The decisions appellant cites on this branch of the case are not in point. In re Estate of Lewis, 230 Iowa 694, 298 N.W. 842, 137 A. L. R. 562, cited by both sides, involves an unrecorded mortgage given to secure the purchase money of the chattels.

However, Yetley v. Irons, supra, overrules the Lewis case and in effect adopts the dissenting opinion therein of Justice Oliver. Other precedents cited by appellant either do not involve the recording act or relate to realty rather than personalty where a different rule prevails. Albia State Bank v. Smith, supra, 141 Iowa 255, 258, 119 N.W. 608, and citations.

Appellant calls attention to the language of Code section 639.38, "The plaintiff shall, from the time such property is taken possession of by the officer, have a lien *on the interest of the defendant therein, * * *."* (Emphasis added.) This follows the provision in 639.37 for the levy of an attachment on property owned jointly, in common or in partnership with another. The words "such property" in 639.38 obviously refer to the kind of property 639.37 describes. Section 639.38 has no application to the property in controversy here.

IV. Appellant contends plaintiffs are not entitled to the benefit of section 556.3 because, it is said, defendant did not retain actual possession of the articles levied on at the time of the levy. Several of our precedents support this claim of appellant and we think it must be sustained.

As explained in Division II hereof, plaintiffs' petition alleged, as grounds for the attachment, that defendant had absconded so process could not be served upon him, had removed permanently out of the county and his whereabouts was unknown. The trial court found these allegations were true and on the strength thereof confirmed the attachment.

Section 556.3, the material part of which is quoted in Division III, by its terms applies only where the mortgagor retains "actual possession" of the mortgaged property. This means a true, real, genuine, positive and certain possession, not one which is theoretical or constructive only. The mortgagor is in actual possession when he retains the property under his immediate personal supervision and control. King v. Wallace Bros., 78 Iowa 221, 226, 42 N.W. 776, and citations; Dysart Savings Bank v. Weinstein, 152 Iowa 260, 263, 132 N.W. 18.

We think it appears here that defendant did not have actual possession of the property in controversy at the time of the attachment. Certainly such possession does not affirmatively appear. It is pertinent to observe in this connection that one, like

these plaintiffs, who claims the protection of section 556.3 as an existing creditor without notice has the burden to allege and prove such status as brings him within the favor of the statute. Loranz & Co. v. Smith, supra, 204 Iowa 35, 42, 214 N.W. 525, 53 A. L. R. 662. See also National Bank of Milton v. O'Brien, supra, 196 Iowa 865, 871, 195 N.W. 611.

As early as Blake v. Graves, 18 Iowa 312, 315, we pointed out that retention of possession by the seller at the time of sale does not defeat the purchaser's right to the property as against an attaching creditor where such possession does not continue to the time of the attachment. Here of course the parties are mortgagor and mortgagee, not seller and purchaser, but the same rule governs. What is now section 556.3 was substantially the same, so far as applicable here, at the time of the Blake decision, as now. See section 1193, Code of 1851. Blake v. Graves states: "Instructions numbered nineteen and twenty would be less liable to mislead, if they contained also the modification * * * that the vendor not only 'retained actual possession of said horse *after* the sale,' but that such possession *continued* up to the time of the seizure under the attachment. The bare possession of personal property by the vendor *after* a sale will not defeat it, unless such possession is *continued* until another acquires an adverse right or interest in the property."

As previously indicated, plaintiffs acquired the status of existing creditors when the levy was made under the attachment.

Dysart Savings Bank v. Weinstein, supra, 152 Iowa 260, 262, 132 N.W. 18, 19, was a controversy between an attaching creditor and a purchaser from a prior pledgee of the debtor-owner who had absconded. We held the plaintiff, attaching creditor, was not entitled to the benefit of what is now 556.3 because defendant, debtor-owner, was not in actual possession of the property at the time of the attachment. The opinion says: "* * * the trial court erred in the assumption that the iron was in the possession * * * of the defendant, Weinstein, at the time of the attachment. * * * He had * * * absconded. The iron was upon the premises of a third party."

In National Bank of Milton v. O'Brien, supra, 196 Iowa 865, 871, 195 N.W. 611, 614, an attaching creditor claimed priority, under what is now 556.3, over the holder of prior chattel mort-

gages the record of which was alleged not to constitute notice for various reasons. We held "the recording act is not applicable * * * because the property *at the time of the levy* was not in the 'actual possession' of the mortgagor." (Emphasis added.)

In Lalley v. Sprague, 197 Iowa 300, 303, 196 N.W. 1015, 1016, a tenant orally transferred to his landlord corn stored on the leased farm. More than a month later the tenant delivered the corn to an elevator where it was stored when the sheriff levied on it under a writ of execution in favor of a creditor of the tenant. The sheriff, for the creditor, claimed the protection of what is now 556.3. We held "* * * said statute does not apply * * *. National Bank of Milton v. O'Brien, 196 Iowa 865. The vendor did not retain actual possession of the corn. The actual, physical location and possession of the corn were in the elevator at the time of the levy, and not in either of the Hardins [tenants]."

We see no important distinction between the cases cited and the present one. In the one last-cited the debtor-owner retained actual possession of the property for more than a month after its oral transfer to plaintiff, but, because such possession did not continue to the time of the creditor's levy, it was held the recording act did not apply. Here the debtor-owner's actual possession after the mortgage was given was for a much shorter period than in the cited precedent and had terminated prior to the levy under the attachment. We find no decisions contrary to these and plaintiffs have made no attempt to meet appellant's argument on this point.

Young v. Evans, 118 Iowa 144, 147, 92 N.W. 111, 112, has some bearing here. It upholds priority under the recording act, as against a purchaser by oral agreement, of the claim of a creditor who caused execution to be levied on certain goods. The opinion observes that the goods were in the possession of plaintiff-debtor-owner at the time of the sale and "they were still in plaintiff's possession when levied on by defendant [creditor]."

Other precedents may have some application, by analogy, upon the question now considered. We have said defective description in a chattel mortgage may be cured by subsequent delivery of the property to the mortgagee, as against persons who have not acquired a right or interest before such delivery, thus

emphasizing the importance of possession at the time a right is sought to be acquired under the recording act. Kelley, Maus & Co. v. Andrews, 102 Iowa 119, 122, 123, 71 N.W. 251; Silver v. Wickfield Farms, 209 Iowa 856, 863, 227 N.W. 97.

We have also said that where possession is not changed at the time of a sale or mortgage but the purchaser or mortgagee takes possession before the levy of an attachment, his right is prior to that of the attaching creditor. Dysart Savings Bank v. Weinstein, supra, 152 Iowa 260, 263, 132 N.W. 18. See also Western Mining Supply Co. v. Quinn, 40 Mont. 156, 105 P. 732, 28 L. R. A., N. S., 214, 135 Am. St. Rep. 612, 20 Ann. Cas. 173, and note.

V. We may observe, as previously indicated, that at least since our decision in Loranz & Co. v. Smith, supra, 204 Iowa 35, 214 N.W. 525, 53 A. L. R. 662, we are definitely committed to the rule that one who claims under 556.3 as an existing creditor or subsequent purchaser without notice of an unrecorded contract of sale or chattel mortgage has the burden to plead and prove he is such creditor or purchaser *without notice*. Manbeck Motor Sales Co. v. Garside, 208 Iowa 656, 657, 226 N.W. 9; Meredith v. Beadle, 211 Iowa 390, 392, 233 N.W. 512; State Savings Bank v. Universal Credit Co., 233 Iowa 247, 254, 8 N.W.2d 719, 724; Commercial Credit Corp. v. Interstate Finance Corp., 236 Iowa 459, 467, 18 N.W.2d 178, 182, 159 A. L. R. 663, 668, 669; Union Bank & Trust Co. v. Willey, 237 Iowa 1250, 1270, 24 N.W.2d 796, 808.

Plaintiffs failed to meet this burden both in pleading and proof. Although the errors assigned by appellant are broad enough to include this point it is not argued. Consequently the result herein reached is not based upon plaintiffs' failure to plead and prove lack of notice of appellant's mortgage.

Upon the considerations explained in Division IV the judgment entry of November 20, 1957, is reversed and remanded for judgment in accordance herewith. Appellant's motion to strike the part of plaintiffs' brief and argument referred to in Division I is overruled.—Reversed and remanded.

All JUSTICES concur.