## LIBERTY LOAN CORPORATION OF DUBUQUE, Appellee,

v.

## Robert L. FASSBINDER, et al., Appellants.

### No. 53993.

Supreme Court of Iowa.

April 7, 1970.

Clifford M. Less and Paul Fitzsimmons, Dubuque, for appellants.

C. J. May. Jr., Dubuque, for appellee.

UHLENHOPP, Justice.

We have here to decide at the outset whether the appeal must be dismissed for want of jurisdictional amount.

On July 16, 1969, plaintiff filed its petition demanding $962.46 of defendants on a note, with interest at five percent per annum from February 12, 1969, and costs. On Au-

gust 8, 1969, defendants filed their answer, and on August 12, 1969, plaintiff filed reply. On August 22, 1969, the municipal court rendered judgment for plaintiff as prayed, after sustaining a motion for summary judgment. Defendants sought to take this appeal without obtaining a certificate from the trial judge that an appeal should be allowed. Plaintiff's attorney did not file a brief and argument here or appear for oral argument.

 Rule 333, Rules of Civil Procedure, provides that no appeal shall be taken to this court where the amount in controversy as shown by the pleadings is less than $1000 unless the trial judge certifies that an appeal should be allowed. The amount "as shown by the pleadings" is determinative. Wilson v. Kelso, 250 Iowa 67, 92 N.W.2d 392. The pleadings in this case consist of the petition, answer, and reply. Rule 69, R.C.P.

The principal amount in controversy here, as shown by the pleadings, is $962.46. As to the addition of interest in determining the jurisdictional amount, see Hays v. Chicago, B. & Q. Ry., 64 Iowa 593, 21 N.W. 98, and Yost v. Gadd, 227 Iowa 621, 288 N.W. 667. It is unnecessary to say in the instant case whether interest is to be considered, for if interest is added to the time the petition was filed the total demand would be $982.79; if to the time the answer was filed the total demand would be $985.83; if to the time the reply was filed the total demand would be $986.36; and if to the time judgment was rendered the total demand would be $987.86. Costs are not to be considered. Ardery v. Chicago, B. & Q. Ry., 65 Iowa 723, 726, 23 N.W. 141, 142 ("costs are merely incidental to the action, are not shown by the pleadings, and cannot be considered as any part of the amount in controversy").

It is apparent that the appeal does not involve the jurisdictional amount. Since the trial judge did not certify that an appeal should be allowed, the appeal must be dismissed. Farnsworth v. Crabb, 178 Iowa 565, 159 N.W. 1042.

Appeal dismissed.

All Justices concur.